
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA EISENSTECKEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAHOE REGIONAL PLANNING AGENCY, et al.,<br><br>Defendants. | No. 2:20-cv-02349-TLN-CKD<br><br>**ORDER** |

This action is before the Court on Plaintiffs Monica Eisenstecken ("Eisenstecken"); Tahoe Stewards, LLC; Tahoe for Safer Tech; and Environmental Health Trust's (collectively, "Plaintiffs"), Motion for Leave to Amend the Complaint. (ECF No. 29.) Defendants Sacramento-Valley Limited Partnership, d/b/a/ Verizon Wireless ("Verizon"); Guilliam Nel; Tahoe Regional Planning Agency ("TRPA"); Sue Novasel; Marsha Berkbigler; and Joanne Marchetta (collectively, "Defendants") opposed Plaintiffs' motion. (ECF No. 36.) Plaintiffs filed a reply. (ECF No. 39.) For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 29.) Also pending before the Court are two motions to dismiss, (ECF Nos. 12, 16), which the Court DENIES as moot.

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on November 24, 2020, (ECF No. 1), and filed a First Amended Complaint ("FAC") as a matter of right on December 10, 2020. (ECF No. 5.) Plaintiffs' FAC alleges TRPA licenses telecom companies to build cell towers which allegedly blanket the Lake Tahoe ("Tahoe") region in Radiofrequency Radiation ("RFR"), without any consideration or assessment of the risks to Tahoe's unique environment, the increased fire hazard, and the danger from increased and untested RFR exposures to thousands of Tahoe residents. (ECF No. 5 at 3.) Plaintiffs bring thirteen causes of action against Defendants. (*See generally id.*)

On May 11, 2021, Plaintiffs filed the instant Motion for Leave to Amend the Complaint, seeking leave to add a new plaintiff, David Benedict, and a new defendant, City of South Lake Tahoe, to the complaint. (ECF No. 29 at 2–3.) Defendants filed an opposition on June 10, 2021. (ECF No. 36.) Plaintiffs replied on June 17, 2021. (ECF No. 39.)

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for an amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, good cause cannot be shown, and the inquiry should end. *Id.*

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Id.* at 608 (citing

2

1 *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987.)  Under Rule 15(a)(2), "a party may
2 amend its pleading only with the opposing party's written consent or the court's leave," and the
3 "court should freely give leave when justice so requires."  The Ninth Circuit has considered five
4 factors in determining whether leave to amend should be given: (1) bad faith; (2) undue delay; (3)
5 prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has
6 previously amended his complaint.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d
7 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.
8 1990)).  "[T]he consideration of prejudice to the opposing party carries the greatest weight."
9 *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.    ANALYSIS

Plaintiffs request the Court allow them to file a second amended complaint to add a new plaintiff, David Benedict ("Benedict"), and a new defendant, City of South Lake Tahoe ("City") to the action, and to amend the first amended complaint ("FAC").  (ECF No. 29 at 2–3.)  The proposed second amended complaint ("Proposed SAC") asserts the following new or revised claims: (1) a variety of statutory and tort claims based on the alleged effects of a small cell wireless facility near Benedict's residence ("Existing Small Cell Facility") (ECF No. 29-2 at ¶¶ 8, 23, 74–79, 123, 129, 136–137, 153–190); (2) new factual allegations to support the seventh cause of action for conflicts of interest and violation of California open-meeting laws (*id.* at ¶¶ 111–127); (3) a claim that a special use permit for a proposed wireless facility ("Proposed Cell Facility") issued by proposed new defendant, City, has expired and is null and void (*id.*, ¶¶ 50–68); and (4) claims that City has violated the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and committed various torts against Eisenstecken and Benedict by approving the Existing Small Cell Facility and the Proposed Cell Facility and refusing to rescind those approvals (*id.* at ¶¶ 75, 78–79, 129–30, 133, 135, 137–38, 153–75).

Defendants oppose Plaintiffs' request for five main reasons: (1) Plaintiffs' motion fails because they do not expressly seek leave to modify the scheduling order; (2) Plaintiffs failed to meet the "good cause" standard required under Rule 16; (3) Plaintiffs failed to meet the "same transaction" and commonality requirements under Rule 20 for permissive joinder; (4) any

3

amendment would be futile; and (5) amendment would prejudice Defendants. (*See* ECF No. 36.) The Court will address Defendants' arguments in turn.

### A. No Motion to Modify Scheduling Order

Defendants argue the instant motion should be denied because Plaintiffs improperly moved to amend without a motion to modify the pretrial scheduling order, as required by Rule 16(b). (ECF No. 36 at 6–7.) In reply, Plaintiffs argue the motion to modify the pretrial scheduling order is implicit in the instant motion to amend the FAC. (ECF No. 39 at 4.)

Plaintiffs incorrectly move under Rule 15(a). (ECF No. 29 at 2.) However, a pretrial scheduling order is in place, and the Court will construe Plaintiffs' motion under Rule 16(b) as a motion to modify the pretrial scheduling order to permit the filing of an amended complaint. *See, e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1223 n.2 (E.D. Cal. 2008) (construing the plaintiff's motion to amend the complaint as a Rule 16(b) motion to modify the scheduling order where a pretrial scheduling order had already been entered); *see also Williams ex rel Williams v. City of Weed*, No. 2:07-CV-1787-FCD-EFB, 2008 WL 4570657, at *1, n.2 (E.D. Cal. Oct. 14, 2008) (same).

### B. Good Cause

Plaintiffs seek to add a new plaintiff, Benedict, and a new defendant, City, to the litigation. (ECF No. 29 at 2–3.) On April 6, 2021, Benedict retained Plaintiffs' counsel to represent him. (*Id.* at 2.) In opposition, Defendants argue Plaintiffs made "no attempt to show good cause to amend the schedule" as required under Rule 16. (ECF No. 36 at 7.) Defendants argue Plaintiffs cannot make the required showing because the new claims are based on facts that were known to Plaintiffs before filing the action. (*Id.* at 8.) In reply, Plaintiffs argue their motion meets the Rule 16(b)(4) "good cause" requirement because Plaintiffs "moved for [l]eave to [a]mend as soon as humanly possible after [Benedict] retained Plaintiffs' counsel." (ECF No. 39 at 6.)

As the Ninth Circuit explained in *Johnson*, once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule

4

15(a).  *See Johnson*, 975 F.2d at 607–08 (citing *Forstmann*, 114 F.R.D. at 85.)  "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Sosa v. Airprint Systems., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).)  Whether Plaintiffs should be granted leave to amend FAC depends first upon whether they can satisfy their burden of showing that "good cause" justifies amendment of the Rule 16 Order.  *See Johnson*, 975 F.2d at 608–09.

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order."  *Jackson*, 186 F.R.D. at 608 (citations omitted).

Here, Plaintiffs sufficiently satisfy all factors of the good cause analysis.  The deadline to amend the complaint and add parties was April 12, 2021.  (ECF No. 36 at 4.)  On April 6, 2021, Benedict decided to retain Plaintiffs' counsel and join the lawsuit as a named plaintiff.  On April 9, 2021, Plaintiffs' counsel conferred with Defendants asking for a stipulation of amendment to allow the addition of Benedict.  (ECF No. 29 at 2; *see also* ECF No. 29-1 at 4.)  Defendants refused stipulation of amendment.  (ECF No. 29-1 at 4.)  On April 12, 2021, Plaintiffs filed a motion to extend time to respond to the Defendants' Motions to Dismiss on the grounds that Plaintiffs were going to seek leave to add Benedict and amend the FAC.  (*See* ECF No. 23.)  Approximately one month later, on May 11, 2021, Plaintiffs filed the instant motion to amend.  (*See* ECF No. 29.)

Plaintiffs sufficiently discharged their duty to assist the Court in fashioning a Rule 16 order by alerting the Court of the intention to amend on April 12, 2021.  (*See* ECF No. 23.)

Benedict's decision to retain counsel was a "matter which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *See Jackson*, 186 F.R.D. at 608.  The Court finds Plaintiffs acted diligently in seeking amendment once it became apparent on April 9, 2020, Defendants would not stipulate to the amendment and Plaintiffs could not comply with the scheduling order.  Plaintiffs diligently sought stipulation from opposing counsel and diligently advised the Court of their intention to amend the FAC.  (ECF Nos. 29-1 at 4; ECF No. 23.)  Accordingly, the Court finds Plaintiffs were reasonably diligent and satisfy Rule 16's good cause standard.

        C.  Rule 20

Plaintiffs argue Benedict's claims "arise out of the same common nucleus of facts as give rise to the claims of the original Plaintiffs, which is why the interests of judicial economy are best served by adding him as a Plaintiff in this action."  (ECF No. 29 at 3.)  In opposition, Defendants argue Plaintiffs' motion should be denied because Benedict's claims and the existing claims are not based on the same transaction or occurrence.  (ECF No. 36 at 8–9.)  Defendants state Benedict's claims are based on the Existing Small Cell Facility, a small cell facility that was built and approved three years ago, while the FAC currently alleges claims arising from the Proposed Cell Facility, which is still pending and has not received approval.  (ECF No. 36 at 9.)  Additionally, Defendants argue the existing claims focus on the actions of TRPA, while the proposed amendment would add claims against a different permitting agency, City, "which operates under different laws, with a different mandate, and has a different legal status."  (*Id.*)  In reply, Plaintiff argues Benedict is merely joining existing claims against TRPA and the Proposed Cell Facility.  (ECF No. 39 at 7.)  However, in addition to bringing identical claims regarding the Proposed Cell Facility, Benedict also asserts unique claims against Verizon, TRPA, and City arising from injuries and damages from the Existing Small Cell Facility.  (*Id.*)  Plaintiffs argue the additional unique claims serve to "bolster the overall claims against TRPA[,]" by demonstrating the impact of TRPA's disregard for its obligations under the Tahoe Regional Planning Compact.  (*Id.*)  Plaintiffs additionally argue denial of the motion would require Benedict to file an independent action, wasting considerable judicial resources.  (*Id.*)

6

Permissive joinder is to be liberally construed in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015). The purpose of Rule 20(a) is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. Fed. R. Civ. P. 20(a); *see League to Save Lake Tahoe v. Tahoe Regl. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *See id.* Although there might be different occurrences, where the claims involve enough related operative facts, joinder in a single case may be appropriate. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citing 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1653 at 270 (1972)).

The second prong of the joinder test addresses commonality. Commonality under Rule 20(a)(1)(B) is not a particularly stringent test. *See Robinson v. Geithner*, No. 1:05-cv-01258-LJO-SKO, 2011 WL 66158, at *5 (E.D. Cal. Jan. 10, 2011). The Rule requires only a single common question, not multiple common questions. *See* Fed. R. Civ. P. 20. Further, the common question may be one of fact or of law and need not be the most important or predominant issue in the litigation. *See Mosley*, 497 F.2d at 1333.

        i.      Same Transaction

Defendants make much of the Proposed SAC's new allegations involving injuries from the Existing Cell Facility. (ECF No. 36 at 9.) Defendants argue the allegations cannot be based on the "same transaction" as the claims in the FAC, because those claims were based on the

Proposed Cell Facility, which is "merely being *proposed* and has not yet received final approval." (*Id.*) This might be true with respect to causes of action 9–13, however, causes of action 1–8 are challenges to TRPA's failure to follow the obligations imposed upon them by the Tahoe Regional Planning Compact, its own regional plan, and several state and federal laws. (*Id.* at 17–29.)

The Court finds Plaintiffs' allegations in the Proposed SAC, regarding Benedict's claims against TRPA, Verizon Wireless, and other individual defendants, are sufficiently "logically related" and sufficiently similar to the background facts of this case to comprise a singular "transaction" under Rule 20. Benedict's claims similarly arise from TRPA's allegedly systematic and defective procedure for approving and permitting wireless infrastructure, in violation of the Tahoe Regional Planning Compact, the regional plan, and various state and federal laws.

The Court finds the addition of the proposed City defendant similarly meets "same transaction" requirements under Rule 20. Defendants argue the Proposed SAC would add claims against City, "which operates under different laws, with a different mandate, and has a different legal status." (ECF No. 36 at 9.) According to Plaintiffs, City is a permitting agency for both the Existing Small Cell Facility and the Proposed Cell Facility, which are both subject to TRPA's allegedly systematic and deficient approval process. (ECF No. 39 at 8.) Such claims against City are sufficiently logically related to the existing allegations against TRPA and other defendants allegedly responsible for facilitating the installation of the controversial cell towers. The proposed SAC also includes allegations that City issued a conditional-use permit to Defendant Verizon for the Proposed Cell Facility, and now a controversy exists about whether the permit has expired by its own terms. (ECF No. 29-2 at 30–31.) This is logically related to existing claims against TRPA, Verizon, and other defendants relating to the Proposed Cell Facility.

        *ii.*    *Commonality*

Permissive joinder of parties under Rule 20 requires common questions of law or fact. *Coughlin*, 130 F.3d at 1350. Here, Benedict joins in the claims challenging TRPA's alleged misinterpretation of the Tahoe Regional Planning Compact and the regional plan, and for alleged violations of state and federal laws. (ECF No. 29-2 at 40–64.) Benedict makes unique statutory and tort claims in causes of action 9–13, premised on alleged harm caused by the Existing Cell

8

1 Facility. (ECF No. 29-2 at 64–77.) The Court finds that there is sufficient commonality because the Existing Cell Facility and the Proposed Cell facility are part of the same allegedly systemic and deficient approval process as discussed previously. *See id.*

Moreover, the Court finds the addition of the proposed City defendant similarly meets "commonality" requirements under Rule 20. Here, City is allegedly a permitting authority for both the Proposed Cell Facility and the Existing Cell Facility. (ECF No. 39 at 7–8.) It follows that City is a necessary defendant to resolve common questions of law related to both the existing allegations involving the Proposed Cell Facility and Benedict's allegations involving the Existing Cell Facility.

Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917. In considering principles of judicial efficiency, the Court concludes the allegations involving Benedict and City are sufficiently logically related to the background facts of this case to meet the "same transaction" requirement, and there are common questions of law and fact to satisfy the commonality requirement under Rule 20.

D. Rule 15(a)

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Defendants argue allowing Plaintiffs to amend would be futile and cause substantial prejudice to defendants. (ECF No. 36 at 10–16.)

   *i. Futility*

Defendants argue amendment would be futile because the claims raised in the Proposed SAC will be mooted by a favorable decision on the pending motions to dismiss. (*Id.* at 11–14.) In addition, Defendants argue the Proposed SAC does nothing to cure the defects in the FAC, and thus amendment would be futile. (*Id.* at 11–12.) In reply, Plaintiffs contend futility of amendment cannot be determined at this time because Defendants' motions to dismiss are still pending before this court on the FAC, and the Court has not had an opportunity to rule on the viability of the proposed SAC. (ECF No. 39 at 9.)

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling recog. on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (citations and internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 701 (9th Cir. 1988). Denial of such motions on futility grounds is "rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (citation omitted).

Defendants argue the FAC suffers from various deficiencies, which have not been cured by the Proposed SAC and therefore the proposed amendment is an "exercise in futility." (ECF No. 36 at 11–14) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989.) However, the Court has not ruled on the pending motions to dismiss, thus Defendants' chain of reasoning is broken. A speculative ruling that the Court has never made cannot be a proper basis to deny Plaintiffs' motion to file an amended complaint. This Rule 15 factor favors granting Plaintiffs' motion to file an amended complaint.

    ii. *Prejudice*

Defendants argue the proposed amendment would prejudice Defendants in two respects: (1) the Proposed SAC is "needlessly long, filled with conclusory allegations, and confusing as to the nature of the claims raised" in violation of Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (2) the Proposed SAC would prejudice Defendants because distinct personal injury claims, with distinct alleged causes, are confusingly combined in the Proposed SAC, prejudicing Defendants' rights to a fair trial. (ECF No. 36 at 15–16.) In reply, Plaintiffs contend the complexity of the action requires 81 pages of allegations, and the allegations are "plainly stated and readily comprehensible." (ECF No. 39 at

10.) Plaintiffs do not respond to Defendants' arguments about prejudice from improperly combining distinct personal injury claims. (*See generally id.*)

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Cap.*, 316 F.3d at 1052. "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2011 WL 3328398, at *2 (E.D. Cal Aug. 2, 2011) (citation omitted). "Prejudice may be established in a variety of ways, such as where a motion to amend is made after the cutoff date for such motions, or when discovery has already closed or is about to close." *Lyon v. U.S. Immigr. & Customs Enf't.*, 308 F.R.D. 203, 214 (N.D. Cal 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138–39 (9th Cir. 1998). "The party opposing leave to amend bears the burden of showing prejudice." *U.S. v. Somnia, Inc.*, 339 F. Supp. 3d 947, 958 (E.D. Cal. 2018) (quoting *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004)); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants argue the motion to amend should be denied because the Proposed SAC is unnecessarily long and confusing. (ECF No. 36 at 15.) To support their argument, Defendants cite to *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011). (*Id.*) In that case, the Ninth Circuit affirmed the district court's denial of leave to file a 733-page amended pleading pursuant to Rule 8(a). *Cafasso*, 637 F.3d at 1058–59. In the instant matter, Plaintiffs' Proposed SAC is 81 pages. (*See generally* ECF No. 29-2.) While admittedly lengthy, the Court need not decide whether Plaintiffs' Proposed SAC violates Rule 8(a) as the issue has not been adequately briefed in a Rule 8(a) motion to dismiss. Defendants also cite to cases in which the Ninth Circuit upheld dismissals for excessive prolixity under Rule 8 in less extreme cases. (ECF No. 36 at 15–16) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length [and was] confusing and conclusory"); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "fifty-three pages long, and mixe[d]

allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way[.]").)  The Court does not find such cases convincing as they concern motions to dismiss as opposed to a motion to amend.

Accordingly, Defendants fail to meet their burden to show prejudice which would justify denying leave to amend.  Typically, "a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013).  Here, discovery has not started, answers have not been filed, and Defendants have failed to meet their burden to show the type of prejudice that is usually cognizable by courts. *See id.*  Admittedly, the motion to amend has been made approximately one month after the cutoff date in the scheduling order, however, as already discussed, Plaintiffs met the "good cause" requirement of Rule 16.  If Defendants wish to challenge the sufficiency of the pleading, either for prolixity or for the allegedly confusing combination of distinct personal injury claims, they can file a motion pursuant to Rule 8(a) and those arguments will be considered at that time.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' Motion for Leave to Amend the Complaint. (ECF No. 29.)  Plaintiffs may file their Second Amended Complaint not later than fourteen (14) days from the electronic filing date of this Order.  Defendants shall file an answer to the Second Amended Complaint not later than thirty (30) days after the electronic filing date of the Second Amended Complaint.  The Second Amended Complaint will supersede the First Amended Complaint. (ECF No. 5.)  Defendants' Motions to Dismiss (ECF Nos. 12, 16) are DENIED as moot.

IT IS SO ORDERED.

DATED:  March 29, 2022

Troy L. Nunley
United States District Judge