1  Debbie Leonard (#226547)
   Leonard Law, PC
2  955 South Virginia Street, Suite 220
   Reno, Nevada 89502
3  (775) 964-4656
4  debbie@leonardlawpc.com

5  John L. Marshall (#145570)
   General Counsel
6  Tahoe Regional Planning Agency
   P.O. Box 5310
7  Stateline NV 89449-5310
   (775) 588-4547
8  jmarshall@trpa.gov

9  *Attorneys for Tahoe Regional Planning Agency,*
   *Joanne Marchetta, Marsha Berkbigler and Sue*
10 *Novasel*

11             UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13 | MONICA EISENTECKEN, TAHOE | 2:20-cv-02349-TLN-CKD |
   | STEWARDS, LLC, DAVID BENEDICT, | |
14 | TAHOE FOR SAFER TECH, and | |
   | ENVIRONMENTAL HEALTH TRUST, | |
15 | | |
   | Plaintiffs, | |
16 | | **BRIEF IN SUPPORT OF** |
   | | **MOTION TO DISMISS** |
17 | v. | **THIRD AMENDED COMPLAINT BY** |
   | | **DEFENDANTS TAHOE REGIONAL** |
18 | TAHOE REGIONAL PLANNING AGENCY; | **PLANNING AGENCY, JOANNE** |
   | JOANNE MARCHETTA, in her official and | **MARCHETTA, MARSHA** |
19 | individual capacities, MARSHA | **BERKBIGLER, AND SUE NOVASEL** |
   | BERKBIGLER in her official and individual | |
20 | capacities; SUE NOVASEL, in her official and | |
   | representative capacities; GUILLIAM NEL; | Hearing Date: September 22, 2022 |
21 | SACRAMENTO-VALLEY LIMITED | Hearing Time: 2:00 p.m. |
   | PARTNERSHIP dba VERIZON WIRELESS, | Judge: Honorable Troy L. Nunley |
22 | CITY OF SOUTH LAKE TAHOE, and DOES | |
   | 1-100, | |
23 | | |
   | Defendants. | |
24 | | |

25

26

27

28

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775.964.4656 | Debbie@leonardlawpc.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

INTRODUCTION .............................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 2

   A. TRPA Governance ................................................................................................ 2

      1. Governing Documents ................................................................................ 2

      2. The Governing Board ................................................................................. 3

      3. Judicial Review .......................................................................................... 4

   B. Procedural History ............................................................................................... 5

      1. The 2012 Regional Plan Update ................................................................ 5

      2. The 2018 Small Cell Facility ..................................................................... 6

      3. The Tree Removal Permit .......................................................................... 6

      4. The Ski Run Cell Tower Facility ............................................................... 6

ARGUMENT ..................................................................................................................... 7

   A. Standards For Motion To Dismiss ....................................................................... 7

      1. Subject Matter Jurisdiction ........................................................................ 7

      2. Personal Jurisdiction .................................................................................. 7

      3. Failure To State A Claim ........................................................................... 8

   B. The Court Lacks Subject Matter Jurisdiction Over Some Of Plaintiffs' Claims ....... 8

      1. None Of The Plaintiffs Is An Aggrieved Person Under The Compact
         To Challenge The 2018 Small Cell Facility ............................................. 8

      2. Benedict And The Entity Plaintiffs Are Not Aggrieved Persons Under
         The Compact To Challenge the Tree Removal Permit ............................... 9

      3. Plaintiffs' Challenge To The Tree Removal Permit Is Moot Because
         The Trees Have Already Been Removed ................................................... 9

      4. Plaintiffs' Failure To Exhaust Administrative Remedies Regarding
         Alleged Inadequacies In TRPA's Planning Process Prevents The Court
         From Considering Their Claims ................................................................. 9

   C. The Statute Of Limitations Has Run On Plaintiffs' Challenges To TRPA's
      Existing Regulations ........................................................................................... 10

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-364-4858 | Debbie@leonardlawpc.com

D.   Plaintiffs' State Law Claims And Requested State Law Remedies Are Preempted By The Compact ...................................................................12

E.   Plaintiffs Fail To State A Cognizable Claim Under The Compact...........................14

F.   TRPA Is Not Subject To NEPA Or The APA ........................................................14

G.   TRPA Cannot Be Liable Under The Federal Clean Water Act Or California Porter-Cologne Act ...............................................................................................15

H.   To The Extent TRPA Might Be Subject To The ADA, The FCC Regulates RF Emissions For The Disabilities Alleged By Plaintiffs .................................................15

I.   The Eighth Cause Of Action Against The Individual Defendants Must Be Dismissed On Multiple Grounds ..............................................................................17

   1.   The Court Lacks Personal Jurisdiction Over Marsha Berkbigler ................ 17

   2.   The Individual Defendants Are Immune From Suit ..................................... 18

      a.   Absolute Immunity Protects The Individual Defendants For Their Adjudicatory And Legislative Decisions ................................. 18

      b.   Qualified Immunity Protects The Individual Defendants From Damages Claims .........................................................................20

   3.   Plaintiffs' Complaint Fails To Identify Any Actionable Conflict Of Interest Under The Compact ...............................................................22

**CONCLUSION** .......................................................................................................... **24**

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

**Cases**

*Aloe Vera of Am., Inc. v. United States*,
    580 F.3d 867 (9th Cir. 2009) ............................................................................. 11

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977) ............................................................................... 8

*Anderson v. Creighton*,
    483 U.S. 635 (1987) ........................................................................................... 21

*Arsdi v. Holder*,
    659 F.3d 925 (9th Cir. 2011) ............................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 8, 22

*Barron v. Ashcroft*,
    358 F.3d 674 (9th Cir. 2004) ............................................................................... 9

*Bennett v. Spear*,
    520 U.S. 154 (1997) ....................................................................................... 7, 9

*Benson v. JPMorgan Chase Bank, N.A.*,
    673 F.3d 1207 (9th Cir. 2012) ............................................................................. 7

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*,
    149 F.3d 971 (9th Cir. 1998) ............................................................................. 21

*Brown v. Gen. Servs. Admin.*,
    425 U.S. 820 (1976) ........................................................................................... 13

*Buckles v. King Cty.*,
    191 F.3d 1127 (9th Cir. 1999) ..................................................................... 19, 20

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................................................... 18

*Butz v. Economou*,
    438 U.S. 478 (1978) ........................................................................................... 19

*California Tahoe Regional Planning Agency v. Sahara Tahoe Corp.*,
    504 F.Supp. 753 (1980) ............................................................................... 15, 24

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

*Cetacean Comm. v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) ..................................................................... 7

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ..................................................................... 7

*Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.*,
  450 U.S. 311 (1981)..................................................................................... 13

*Columbia Exp. Terminal, LLC v. ILWU*,
  142 S. Ct. 2094 (2022) ................................................................................ 13

*Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*,
  23 F.4th 836 (9th Cir. 2022) ........................................................................ 13

*Cook Inlet Treaty Tribes v. Shalala*,
  166 F.3d 986 (9th Cir.1999) ..................................................................... 7, 9

*Cook v. Brewer*,
  637 F.3d 1002 (9th Cir. 2011) ...................................................................... 8

*Cuyler v. Adams*,
  449 U.S. 433 (1981)..................................................................................... 12

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ........................................................................ 8

*Edelman v. W. Airlines, Inc.*,
  892 F.2d 839 (9th Cir. 1989) ...................................................................... 13

*Foster v. Carson*,
  347 F.3d 742 (9th Cir. 2003) ..................................................................... 7, 9

*Glenbrook Homeowners Ass'n v. Tahoe Regional Planning Agency*,
  425 F.3d 611 (9th Cir. 2005) ...................................................................... 15

*Hall v. N. Am. Van Lines, Inc.*,
  476 F.3d 683 (9th Cir. 2007) ...................................................................... 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)..................................................................................... 17

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..................................................................................... 17

*Jacobson v. TRPA*,
  566 F.2d 1353 (9th Cir. 1977) ...................................................... 12, 13, 23

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

*Kansas v. Nebraska,*
    574 U.S. 445 (2015)............................................................................. 12

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005) .............................................................. 1

*Lake Country Estates v. TRPA,*
    440 U.S. 391 (1979)......................................................................... 12, 19

*Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency,*
    24 F. Supp. 2d 1062 (E.D. Cal. 1998)................................................. 12

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ................................................................ 1

*Louisiana Mun. Police Emps.' Ret. Sys. v. Wynn,*
    829 F.3d 1048 (9th Cir. 2016) .............................................................. 8

*Lujan v. Nat'l Wildlife Fed'n,*
    497 U.S. 871 (1990)............................................................................. 14

*Norton v. S. Utah Wilderness Alliance,*
    542 U.S. 55 (2004)............................................................................... 14

*Old Town Trolley Tours of Wash., Inc. v. Wash. Metro. Area Transit Comm'n,*
    129 F.3d 201 (D.C. Cir. 1997) ............................................................. 15

*Pearson v. Callahan,*
    555 U.S. 223 (2009)............................................................................. 21

*Picot v. Weston,*
    780 F.3d 1206 (9th Cir. 2015) ............................................................. 18

*Radici v. Associated Ins. Companies,*
    217 F.3d 737 (9th Cir. 2000) ............................................................... 13

*Rehberg v. Paulk,*
    566 U.S. 356 (2012)............................................................................... 8

*Rio Props., Inc. v. Rio Int'l Interlink,*
    284 F.3d 1007 (9th Cir. 2002) ............................................................... 7

*Romano v. Bible,*
    169 F.3d 1182 (9th Cir. 1999) ............................................................. 19

*Ruvalcaba v. City of L.A.,*
    167 F.3d 514 (9th Cir.1999) .................................................................. 9

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

*Schubert v. City of Rye*,
  775 F. Supp. 2d 689 (S.D.N.Y 2011)......................................................... 21

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ...................................................................... 7

*Sierra Club v. Tahoe Reg'l Planning Agency*,
  840 F.3d 1106 (9th Cir. 2016) ..................................................... 3, 5, 11, 15

*Stallcop v. Kaiser Found. Hosps.*,
  820 F.2d 1044 (9th Cir. 1987) ................................................................... 13

*Stephans v. Tahoe Reg'l Planning Agency*,
  697 F. Supp. 1149 (D. Nev. 1988) ...................................................... 12, 13

*The Organic Cow, LLC v. NE Dairy Compact Comm'n*,
  164 F. Supp. 2d 412 (D. Vt. 2001) ............................................................ 15

*United States v. L. A. Tucker Truck Lines, Inc.*,
  344 U.S. 33 (1952) .................................................................................... 10

*Vinson v. Thomas*,
  288 F.3d 1145 (9th Cir. 2002) ................................................................... 21

*Walden v. Fiore*,
  571 U.S. 277 (2014) .................................................................................. 17

*Weinberger v. Salfi*,
  422 U.S. 749 (1975) .................................................................................. 10

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000) ................................................................. 7, 9

**Statutes**

42 U.S.C. § 12132 ......................................................................................... 16

42 U.S.C. §12131 .......................................................................................... 16

42 U.S.C. §1983 ............................................................................... 17, 20, 21

47 U.S.C. § 332 ............................................................................................. 16

5 U.S.C. § 706 ............................................................................................... 14

Administrative Procedure Act............................................................... 2, 14, 15

Cal. Civ. Proc. Code Ann. §410.10 .............................................................. 17

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Cal. Gov't Code §54950, et seq ................................................................................ 24

Cal. Gov't Code §87300 ........................................................................................... 24

Calif. Water Code §13300 ........................................................................................ 15

California's Porter-Cologne Water Quality Control Act ................................... 2, 12, 15

Clean Water Act ................................................................................................ 2, 14, 15

National Environmental Policy Act ................................................................... 2, 14, 15

Political Reform Act .................................................................................................. 24

Public Law 96-551, 94 Stat. 3233, Dec. 19, 1980 ...................................................... 2

**Rules**

FRCP 12 ................................................................................................................ 7, 8

FRE 201 ...................................................................................................................... 1

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Defendants Tahoe Regional Planning Agency ("TRPA"), Joanne Marchetta, Marsha Berkbigler and Sue Novasel (collectively, "Individual Defendants" and, with TRPA, the "TRPA Defendants") move to dismiss the Third Amended Complaint, Petition for Writ of Mandate, Declaratory Relief, Injunctive Relief and Damages ("TAC") filed by Plaintiffs (ECF No. 60). This motion is supported by the following points and authorities, the TRPA Compact (Ex. 1 to the concurrently filed Request for Judicial Notice), pertinent portions of TRPA's Code of Ordinances (Ex. 2), pertinent portions of TRPA's Rules of Procedure (Ex. 3), and pertinent portions of TRPA's Regional Plan and amendments thereto (Ex. 4),[1] the other exhibits attached to the concurrently filed request for judicial notice, and such other matters as the Court may wish to consider. The TRPA Defendants hereby join in the arguments asserted in the Motion to Dismiss concurrently filed by Defendant Sacramento-Valley Limited Partnership dba Verizon Wireless ("Verizon") and Guilliam Nel ("Nel") as they apply to the facts of this case ("the Verizon motion to dismiss") and by the City of South Lake Tahoe as to the arguments that are relevant to TRPA.

## INTRODUCTION

Plaintiffs sue TRPA, the Individual Defendants, Verizon, Nel, and the City of South Lake Tahoe in an attempt to bypass the Federal Communications Commission's controlling regulations and environmental analysis of the appropriate level of radiofrequency emissions from cellular facilities. The TAC's claims under a variety of federal and state laws, and TRPA's Compact, are riddled with legal deficiencies. The Court lacks subject matter jurisdiction over certain claims and certain plaintiffs due to standing, mootness and exhaustion problems. The TAC is untimely to the extent it challenges any regulatory, planning and legislative decisions by

---

[1] These documents are referenced in the TAC and subject to judicial notice pursuant to FRE 201. The TRPA Defendants respectfully request that the Court take judicial notice of the documents attached to the concurrently filed request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that in ruling on a motion to dismiss, a court "may take judicial notice of matters of public record"); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (internal quotation omitted). All exhibit numbers reference that filing.

TRPA that occurred outside the Compact's 60-day statute of limitations. Moreover, all of Plaintiffs' claims that arise under state law are preempted by the TRPA Compact and must be dismissed with prejudice. The Compact is federal law that provides the sole and exclusive remedy for challenging a TRPA decision. Plaintiffs cannot state a cognizable claim under the Compact against the individually named defendants for an alleged conflict of interest because only the agency may be sued, and in any event, the Individual Defendants are protected by absolute and qualified immunity.

All Plaintiffs' claims under other federal laws likewise fail. TRPA is not a federal agency subject to the requirements of NEPA, the APA, the ADA, or Clean Water Act enforcement. TRPA is not responsible for Verizon's compliance with the federal Clean Water Act or state Porter-Cologne Act. And as argued in the Verizon motion to dismiss, in which based on the facts of this case, the TRPA Defendants join, the TCA and FCC's RF regulations bar all claims based on RF emissions. TRPA joins in the City of South Lake Tahoe's motion to dismiss regarding the lack of viability of Plaintiffs' ADA and FHAA claims.

Based on the facts alleged by Plaintiffs, the only timely claim that can be found amid the 114-page TAC over which the Court has subject matter jurisdiction is one for judicial review under Compact Article VI(j) related to one discrete TRPA decision: issuance of a cell tower permit at 1360 Ski Run Blvd. All other claims are barred for the reasons stated in this motion. Because this sole claim alleges harms related to RF emissions that are regulated by the FCC or Clean Water Act violations that are regulated by the Lahontan Regional Water Quality Control Board, all claims against the TRPA Defendants must be dismissed with prejudice.

## FACTUAL BACKGROUND

### A.   TRPA Governance

#### 1.   Governing Documents

TRPA is a bi-state planning agency formed by the Tahoe Regional Planning Compact between Nevada and California and approved by Congress. Public Law 96-551, 94 Stat. 3233, Dec. 19, 1980 (Ex. 1). The Compact requires TRPA to establish environmental threshold carrying capacities and to adopt and enforce a Regional Plan. Art. I(b), Ex. 1. The term

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

"environmental threshold carrying capacity" is "an environmental standard necessary to maintain a significant scenic, recreational, educational, scientific or natural value of the region or to maintain public health and safety within the region." Art. II(i), Ex. 1. The Compact also directs the agency to adopt and administer ordinances, rules, and regulations. Art. I(c), Ex. 1. As a result, the Regional Plan is implemented through both broad programmatic efforts and initiatives and project-level development and redevelopment permitting and compliance. Art. I(c), Ex. 1; *see also* Ex. 4.

The Compact establishes specific procedures by which TRPA adopts the required Regional Plan and subsequent amendments. Art. V, Ex. 1. It also specifies the fundamental elements to be included in a regional plan. *Id.*; *see also Sierra Club v. Tahoe Reg'l Planning Agency*, 840 F.3d 1106, 1110 (9th Cir. 2016) (describing Regional Plan requirements). Importantly, the Compact has a very specific mechanism by which a property owner who is affected by the Regional Plan and has proposed planning-level changes may apply for an amendment. Art. V(a)(2), Ex. 1. If such an application is made, the Governing Board must act on the proposed amendment within 180 days of when the request is accepted as complete. *Id.* The Plaintiffs here filed no such application. *See generally* TAC, ECF No. 60.

Any development project approved by TRPA must comply with the Regional Plan and applicable ordinances, rules and regulations established by the agency. Art. III(g)(2), Ex. 1. Under TRPA's Code of Ordinances, all new construction in the Lake Tahoe basin that "may have a substantial effect on the land, air, water space, or any other natural resources in the Tahoe region" must undergo review and approval by TRPA. Code §2.1.2, Ex. 2.

### 2.    The Governing Board

TRPA's Governing Board consists of 15-members—seven from California, seven from Nevada and one non-voting Presidential Appointee. Art. III, Ex. 1. The Governing Board adopts all ordinances, rules, and regulations that are necessary to effectuate the adopted regional plan. Art. VI(a), Ex. 1. Defendant Marsha Berkbigler ceased being a Governing Board member on December 31, 2020. TAC ¶36. Defendant Sue Novasel remains a Governing Board member. TAC ¶37.

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Project applications are reviewed by TRPA staff, with some permits being issued by the Executive Director. *See* Code §2.2, Ex. 2. TRPA's Code creates a means to appeal an Executive Director decision to the Governing Board. Code §2.2.2(G)(3), Ex. 2. Defendant Joanne Marchetta was Executive Director of TRPA until June 30, 2022. *See* https://www.trpa.gov/trpa-executive-director-stepping-down-after-17-years/.

TRPA's Rules set forth specific appeal procedures, which include: a deadline to file a notice of appeal (ROP §11.2); the mandatory contents of the statement of appeal (ROP §11.4); the deadline for filing the statement to have the appeal heard on the next Governing Board agenda (ROP §11.4); the requirement that the Executive Director prepare a staff position paper (ROP §11.6.1, referencing ROP §5.11.2); the appeal hearing process (ROP §11.8.2, referencing ROP §5.13); and the scope of the Governing Board's authority to affirm, modify or revoke the Executive Director's action (ROP §11.6.2). Ex. 3.

The Governing Board has a five-member Legal Committee that serves in an advisory capacity. Among other responsibilities, the Legal Committee hears presentations regarding administrative appeals and makes recommendations to the Governing Board. *See* TAC ¶57.

### 3.    Judicial Review

The Compact contains specific provisions for who may obtain judicial review of agency decisions, which decisions are reviewable, and the standard by which a court conducts that review. Art. VI(j), Ex. 1.

Legal actions arising out of or alleging a violation of the provisions of this compact, of the regional plan or of an ordinance or regulation of the agency or of a permit or a condition of a permit issued by the agency are governed by the following provisions:

 (1) This subdivision applies to:

(A) Actions arising out of activities directly undertaken by the agency.
(B) Actions arising out of the issuance to a person of a lease, permit, license or other entitlement for use by the agency.
(C) Actions arising out of any other act or failure to act by any person or public agency.

*Id.* There is no private right of action under the Compact against an individual Governing Board member or TRPA employee acting in their individual capacity; all actions must be brought against the agency. *See id.*

The Compact makes judicial review available only to an "aggrieved person," which it defines as "any person who has appeared, either in person, through an authorized representative, or in writing, before the agency at an appropriate administrative hearing to register objection to the action which is being challenged, or who had good cause for not making such an appearance." Art. VI(j)(3), Ex. 1. The Compact also sets specific deadlines for filing a judicial review action:

> [Actions] arising out of the adoption or amendment of the regional plan or of any ordinance or regulation of the agency, or out of the granting or denial of any permit, shall be commenced within 60 days after final action by the agency. All other legal actions shall be commenced within 65 days after discovery of the cause of action.

Art. VI(j)(4), Ex. 1.

The Compact also specifies the standard of review. For a legal challenge to an "adjudicatory act or decision of the agency to approve or disapprove a project," the Court's standard of review is for a "prejudicial abuse of discretion," which means "the agency has not proceeded in a manner required by law or if the act or decision of the agency was not supported by substantial evidence in light of the whole record." Art. VI(j)(5), Ex. 1. The reviewing court may not "exercise its independent judgment on evidence." For a legal challenge to a "legislative act or decision of the agency" (such as the adoption of the regional plan and the enactment of implementing ordinances), the Court's standard of review "shall extend only to the questions of whether the act or decision has been arbitrary, capricious or lacking substantial evidentiary support or whether the agency has failed to proceed in a manner required by law." *Id.*

**B.    Procedural History**

**1.    The 2012 Regional Plan Update**

TRPA's Governing Board approved the most recent Regional Plan Update on December 12, 2012. Ex. 4; *see Sierra Club*, 840 F.3d at 1108. That document was amended by ordinance in 2015, 2018, 2019, and 2021 regarding matters unrelated to the allegations in the TAC. *See* Attachment 1, Ex. 4. None of the Plaintiffs sought judicial review at the time of TRPA's

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

adoption of the 2012 Regional Plan Update or any amendment. *See generally* TAC, ECF No. 60. Nor have any of the Plaintiffs ever requested a regional plan amendment pursuant to Compact Art. V(a)(2). *See generally id.*

### 2. The 2018 Small Cell Facility

On April 5, 2018, Defendant Verizon applied to TRPA to construct a small cellular facility at 3565 Needle Peak Road on an existing utility pole ("the 2018 Small Cell") one of 28 sites in public rights of way within the City of South Lake Tahoe and El Dorado County. Application ESRP2018-0500, Ex. 5; TAC ¶8. TRPA approved the 2018 Small Cell and issued the permit on August 8, 2018, and none of the Plaintiffs appealed that decision to the Governing Board. Final Signed Permit ESRP2018-0500, Ex. 6. The TAC does not allege otherwise. *See generally* ECF No. 60.

### 3. The Tree Removal Permit

Defendant Nel applied for and, on July 30, 2020, received a permit from TRPA to remove 31 trees on his property ("the tree removal permit") because the trees presented a fire hazard. TAC ¶¶21, 88. Plaintiff Eisenstecken filed an appeal of the tree removal permit to the TRPA Governing Board. TAC ¶89. Plaintiff Benedict and Plaintiffs Tahoe Stewards, LLC, Tahoe For Safer Tech, and Environmental Health Trust (collectively, "the Entity Plaintiffs") did not file an administrative appeal. *See generally id.*

The TRPA Legal Committee and Governing Board heard Eisenstecken's appeal on September 30, 2020. TAC ¶90. Staff recommended that the appeal be denied. TAC ¶90. The Governing Board followed staff's recommendation and denied the appeal. TAC ¶91. Following denial of Eisenstecken's administrative appeal, the trees were removed. TAC ¶92. Plaintiffs waited nearly two months to initiate this action and did not seek a preliminary injunction of the tree removal permit. ECF No. 1.

### 4. The Ski Run Cell Tower Facility

In March 2019, Verizon applied to TRPA for a permit to erect a 112-foot tall monopine cell tower on property owned by Defendant Nel at 1360 Ski Run Blvd. in the City of South Lake Tahoe ("the Ski Run Facility"). TAC ¶¶80-81. In the ensuing months, Verizon submitted

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

additional information in response to TRPA staff requests. TAC ¶¶81-83. TRPA's Hearings Officer approved the application on October 14, 2021. TAC ¶¶14, 85. Plaintiffs appealed to TRPA's Governing Board, which on March 23, 2022, voted to deny the appeal. TAC ¶¶14-15, 86.

## ARGUMENT

### A.    Standards For Motion To Dismiss

#### 1.    Subject Matter Jurisdiction

Under FRCP 12(b)(1), the court must dismiss a complaint for lack of subject matter jurisdiction if the plaintiff fails to establish standing. *Cetacean Comm. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). In addition to constitutional standing, a plaintiff must establish prudential standing; i.e. that the plaintiff comes within the "zone of interests" the statute under which it sues was designed to protect. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997). Because standing pertains to subject-matter jurisdiction, it is properly raised by Rule 12(b)(1) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The party opposing the motion then bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Additionally, "[m]ootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003), quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir.1999). Finally, failure to exhaust administrative remedies is a jurisdictional defect that can be addressed through a FRCP 12(b)(1) motion. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1215 (9th Cir. 2012).

#### 2.    Personal Jurisdiction

A plaintiff's complaint must make a *prima facie* showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a defendant moves to dismiss a complaint for lack of personal jurisdiction under FRCP 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). To meet this burden, the plaintiff may not "simply

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawp.com

1  rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts,

2  by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l,*

3  *Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).

4  ### 3.    Failure To State A Claim

5      To avoid dismissal under FRCP 12(b)(6), "a complaint must contain sufficient factual

6  matter … to 'state a claim to relief that is plausible on its face.'" *Cook v. Brewer*, 637 F.3d 1002,

7  1004 (9th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is not

8  "required to accept as true … allegations that are merely conclusory, unwarranted deductions of

9  fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

10  2010). Courts may consider "the complaint in its entirety, as well as other sources courts

11  ordinarily examine when ruling on Rule 12 (b)(6) motions to dismiss, in particular, documents

12  incorporated into the complaint by reference, and matters of which a court may take judicial

13  notice." *Louisiana Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016)

14  (internal citations omitted). An immunity defense is properly raised through a 12(b)(6) motion.

15  *See Rehberg v. Paulk*, 566 U.S. 356, 360 (2012) (absolute immunity); *Iqbal*, 556 U.S. at 669

16  (qualified immunity).

17  ### B.    The Court Lacks Subject Matter Jurisdiction Over Some Of Plaintiffs' Claims

18

19  ### 1.    None Of The Plaintiffs Is An Aggrieved Person Under The Compact To Challenge The 2018 Small Cell Facility

20      The TAC does not plead sufficient facts to demonstrate prudential standing under the

21  Compact for all of the TRPA decisions with which the TAC takes issue. The Compact requires

22  that, to seek judicial review of a TRPA decision, the plaintiff must be an "aggrieved person,"

23  which means the plaintiff must have appeared before TRPA "at an appropriate administrative

24  hearing to register objection to the action which is being challenged…." Art. VI(j)(3), Ex. 1. The

25  TAC lacks any allegations that any of the Plaintiffs appeared before TRPA to challenge TRPA's

26  approval of the 2018 Small Cell or appealed the permit to the Governing Board. *See generally*

27  ECF No. 60. As a result, they lack standing to prosecute any claims related to that facility. Art.

28  VI(j)(3), Ex. 1.

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

**2. Benedict And The Entity Plaintiffs Are Not Aggrieved Persons Under The Compact To Challenge the Tree Removal Permit**

For the same reason, Benedict and the Entity Plaintiffs lack standing to challenge the tree removal permit. The TAC asserts only that Eisenstecken – no other plaintiff – appeared before the Governing Board in the appeal of the tree removal permit. TAC ¶89. The TAC fails to allege any facts to demonstrate that Benedict and the Entity Plaintiffs did so. *See generally id.* As a result, they do not meet the Compact's definition of aggrieved persons, are not within the zone of interests the Compact intends to protect, and lack prudential standing. Art. VI(j)(3), Ex. 1; *see Bennett*, 520 U.S. at 162.

**3. Plaintiffs' Challenge To The Tree Removal Permit Is Moot Because The Trees Have Already Been Removed**

A matter is moot "where no actual or live controversy exists." *Foster*, 347 F.3d at 745, quoting *Cook Inlet*. 166 F.3d at 989. "If there is no longer a possibility that an appellant can obtain relief for [a] claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). Here, the Governing Board denied Eisenstecken's appeal of the tree removal permit on September 30, 2020. TAC ¶¶90-92. Thereafter, the trees were removed. TAC ¶92. Plaintiffs waited nearly two months to initiate this action and did not seek a preliminary injunction. ECF No. 1. Because of Plaintiffs' inaction, any challenge to the tree removal permit has been rendered moot, and the Court lacks jurisdiction to consider Plaintiffs' claims related to it. TAC ¶171 (Sixth Cause of Action). *See White v. Lee*, 227 F.3d 1214, 1242-44 (9th Cir. 2000).

**4. Plaintiffs' Failure To Exhaust Administrative Remedies Regarding Alleged Inadequacies In TRPA's Planning Process Prevents The Court From Considering Their Claims**

Plaintiffs must first avail themselves of TRPA's procedures before they can complain to this Court that TRPA's overall regulatory oversight of wireless facilities is inadequate. "It is a well-known axiom of administrative law that if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum." *Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011), *quoting Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). "This rule 'prevent[s] premature interference with agency processes, so that the agency may function

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

efficiently and so that it may have an opportunity to correct its own errors.'" *Id.*, *quoting Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). "[O]bjections to the proceedings of an administrative agency [must] be made while it has opportunity for correction in order to raise issues reviewable by the courts." *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

Here, the Compact has a very specific procedure by which a property owner who is affected by the Regional Plan and has proposed planning-level changes may apply for an amendment. Art. V(a)(2), Ex. 1. If such an application is made, the Governing Board must act on the proposed amendment within 180 days of when the request is accepted as complete. *Id.* The Plaintiffs here filed no such application. *See generally* TAC, ECF No. 60. Yet their allegations that TRPA has not prepared a comprehensive EIS, has "piecemealed" wireless facility approvals, and is not adequately looking at cumulative impacts (*e.g.* Causes of Action 1-4) are precisely the planning-level issues that must first be presented to TRPA for formal consideration. *See* Art. V(a)(2), Ex. 1. Plaintiffs' alleged statements during the public comment period at Governing Board meetings (TAC ¶20) cannot substitute for TRPA's formal process. *See L. A. Tucker Truck Lines*, 344 U.S. at 37.

### C.   The Statute Of Limitations Has Run On Plaintiffs' Challenges To TRPA's Existing Regulations

Setting aside these jurisdictional shortcomings, Plaintiffs' claims are largely time barred by the 60-day statute of limitations in Compact Art. VI(j). Ex. 1. The TAC broadly attacks "TRPA's policies and regulations" as being inadequate to regulate radiofrequency radiation and other alleged impacts of wireless communications infrastructure. Plaintiffs assert that TRPA's programmatic approach to cell towers is insufficient because it allows for "piecemeal blanket permitting"; does not address "cumulative impacts"; and is "erratic." TAC ¶¶7-8, 61, 88-92, 140, 153, 171-172. Plaintiffs contend that TRPA is "overdue" for a new Threshold Evaluation Report that Plaintiffs believe should consider the effects of RFR exposure. TAC ¶148. Plaintiffs also complain that TRPA has failed to adopt regulations that Plaintiffs contend should exist. TAC ¶¶170, 179.

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-364-4656 | Debbie@leonardlawpc.com

Plaintiffs' challenges to TRPA's existing policies and regulations are untimely because they were put into effect by the 2012 Regional Plan update. *See* 2012 Regional Plan Update, Ex. 4. The deadline to challenge the sufficiency of the Regional Plan with regard to RFR was within 60 days of the Governing Board's actions to approve it. Art. VI(j)(4), Ex. 1; *see Sierra Club*, 840 F.3d at 1113; *Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 871 (9th Cir. 2009). Having failed to meet that deadline, Plaintiffs' claims are outside the applicable statute of limitations. As a result, all of Plaintiffs' claims regarding "piecemealing" and their broad, programmatic attack on TRPA's regulations (including Causes of Action 1-7 and 9) must be dismissed as untimely. Art. VI(j)(4), Ex. 1.

Plaintiffs attempt to circumvent the statute of limitations by pointing to a flow chart that appears in the Regional Plan and mentions the "Prosperity Plan" created by Tahoe Prosperity Center and then noting that the Regional Plan was amended on April 28, 2021. TAC ¶16. The flow chart only identifies examples of external factors that TRPA considered when it developed the 2012 Regional Plan update. *See* Regional Plan Introduction Figure 3, page 1-5, Ex. 4; Pertinent Portions of 2012 Regional Plan Update – tracked changes, Ex. 7. The April 28, 2021 Regional Plan amendment referenced in TAC ¶16 had nothing to do with this flow chart specifically or with wireless facilities whatsoever. *See* Ex. 4 (Attachment 1); Ordinance 2021-04, Ex. 8. To the extent Plaintiffs believe it was improper for TRPA to consider the Prosperity Plan, the time to challenge that was within 60 days of TRPA's adoption of the Regional Plan Update in 2012. *See* Art. VI(j)(4), Ex. 1. Plaintiffs cannot rely on an unrelated amendment to render their untimely claims timely.

Additionally, the TAC takes issue with certain unidentified actions by the Individual Defendants for which Plaintiffs contend there was a conflict of interest (Eighth Cause of Action), but those allegations are likewise untimely. Plaintiffs contend the Individual Defendants should have "recused themselves from permit decision-making or legislating regarding cell towers and wireless infrastructure when sitting in their official government capacities." TAC ¶192. Plaintiffs further contend "that all decisions and actions made by TRPA regarding wireless projects and/or policies, from the date that Defendants Marchetta, Novasel and Berkbigler began their conflicted

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

1    activities, up to the present time, at either the staff, Hearings Officer or Board level, are flawed

2    and void as of the date of final action on the project in question, including specifically the TRPA

3    Governing Board's denial of Plaintiffs' appeal on March 23, 2022." TAC ¶200. Other than the

4    appeal related to the Ski Run Facility permit, Plaintiffs fail to allege what those actions were,

5    when they occurred, or that Plaintiffs appealed from them and timely filed suit. *See id.*

6         In sum, there are only two TRPA decisions for which the Compact's statute of limitations

7    was met: the tree removal permit (as to Eisenstecken only) and the Ski Run Facility. Plaintiffs'

8    claims as to all other TRPA decisions and any alleged actions by the Individual Defendants

9    regarding other existing facilities are time-barred and must be dismissed. Art. VI(j)(4), Ex. 1.

10        **D.    Plaintiffs' State Law Claims And Requested State Law Remedies Are
          Preempted By The Compact**

11

12        Even if they could be deemed timely, those claims that derive from state law must be

13   dismissed based on federal preemption. The Compact is federal law, approved by Congress, that

14   preempts state law claims. *Jacobson v. TRPA*, 566 F.2d 1353, 1358 (9th Cir. 1977) (*reversed on

15   other grounds by Lake Country Estates v. TRPA*, 440 U.S. 391 (1979)); *see also Stephans v.

16   Tahoe Reg'l Planning Agency*, 697 F. Supp. 1149, 1152 (D. Nev. 1988) ("As federal law, the

17   1987 Regional Plan adopted by TRPA preempts state law and state constitutional

18   provisions.…"); *Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency*, 24 F.

19   Supp. 2d 1062, 1068-69 (E.D. Cal. 1998) ("The Compact itself clearly contemplates that State

20   and local ordinances, rules, regulations and policies are subordinate to those of TRPA in this

21   area…To the extent that the Ordinance conflicts with state law, the Ordinance preempts state

22   law"). "Congressional consent transforms an interstate compact ... into a law of the United

23   States." *Cuyler v. Adams*, 449 U.S. 433, 438 (1981); *see also Kansas v. Nebraska*, 574 U.S. 445,

24   455 (2015) ("The Compact, having received Congress's blessing, counts as federal law.").

25        Consistent with this authority, Plaintiffs' claims under Nevada and California law for

26   alleged violation of the public trust, state land use planning and open meeting laws related to

27   conflicts of interest, California's Porter-Cologne Water Quality Control Act, CEQA, private and

28   public nuisance, assault, trespass, and any other state law (Causes of Action 1, 4-5, 8-13) – to the

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

1    extent they plead state law claims against TRPA – are preempted and must be dismissed. *See*

2    *Jacobson*, 566 F.2d at 1358; *Stephans*, 697 F. Supp. at 1152. Claims arising out of alleged acts or

3    failure to act by TRPA may only be brought under the judicial review provision of the Compact

4    Art. VI(j). Similarly, the remedy of a "writ of mandate" asserted by Plaintiffs (TAC ¶¶8, Prayer

5    for Relief ¶¶6, 10-11) derives from California law and is unavailable to Plaintiffs based on

6    preemption principles. *See Radici v. Associated Ins. Companies*, 217 F.3d 737, 741 (9th Cir.

7    2000). The Compact contains no "writ of mandate" procedure or remedy. *See generally* Art.

8    VI(j)(5), (7), Ex. 1.

9            Plaintiffs have attempted to fashion their state law claims as Compact violations, but they

10   cannot manufacture Compact obligations that do not exist. Nor can they artfully plead around the

11   preemptive effect of the Compact. *See Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.*,

12   450 U.S. 311, 324 (1981); *Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse*

13   *Union*, 23 F.4th 836, 844 (9th Cir. 2022), *cert. dismissed sub nom. Columbia Exp. Terminal,*

14   *LLC v. ILWU*, 142 S. Ct. 2094 (2022) ("plaintiffs cannot evade preemption through 'artful

15   pleading'") (quotation omitted); *Edelman v. W. Airlines, Inc.*, 892 F.2d 839, 845 (9th Cir. 1989)

16   (same); *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976) ("It would require the

17   suspension of disbelief to ascribe to Congress the design to allow its careful and thorough

18   remedial scheme to be circumvented by artful pleading."); *Hall v. N. Am. Van Lines, Inc.*, 476

19   F.3d 683, 687 (9th Cir. 2007) ("Under the "artful pleading" doctrine, a well-pleaded state law

20   claim presents a federal question when a federal statute has completely preempted that particular

21   area of law."); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) (rejecting

22   plaintiff's "artful pleading" effort as a means of circumventing federal statute's time bar).

23           TRPA's obligations are limited to those set forth in TRPA's Compact, Regional Plan,

24   Ordinances, and Rules. Simply because those obligations may bear resemblance to certain state

25   laws does not obligate TRPA to comply with those state laws. The law is clear that claims arising

26   out of alleged acts or failure to act by TRPA may only be reviewed according to the standards set

27   forth in Compact Art. VI(j), Ex. 1. State law does not play any role in that process.

28

Leonard Law, PC
955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-843-4656 | Debbie@lenardlawpc.com

### E.    Plaintiffs Fail To State A Cognizable Claim Under The Compact

Because Plaintiffs' allegations regarding "piecemealing," "cumulative impacts," and their broad, programmatic attack on TRPA's regulations fail to identify discrete final agency actions, Claims 1-11 fail to state a claim upon which relief can be granted. Setting aside the timing and exhaustion problems addressed in other sections of this brief, Plaintiffs have not identified any specific duty to act by TRPA that TRPA failed to take. Interpreting the same "failure to act" language that is found in the Compact, the Supreme Court has made clear that a "failure-to-act" claim only arises where the agency failed to undertake a nondiscretionary duty; in other words, "failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (interpreting 5 U.S.C. § 706(1), emphases in original). "The limitation to discrete agency action precludes … [a] broad programmatic attack" because an agency's program is not an agency action. *Id.*, citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 879 (1990). A plaintiff "cannot seek wholesale improvement of [a] program by court decree" by launching a "failure to act" claim for judicial review. *Lujan*, 497 U.S. at 891. As a result, there can be no "judicial direction of even discrete agency action that is not demanded by law." *Norton*, 542 U.S. at 65.

None of the Plaintiffs' allegations identifies any nondiscretionary action that TRPA failed to take. *See generally* TAC, ECF No. 60. Rather, they contend that TRPA's program for regulating telecommunications facilities is somehow deficient. *See generally id.* Such allegations are not actionable. *Norton*, 542 U.S. at 65. Because the facts alleged by Plaintiffs under their Compact claims relate only to non-Tahoe-specific impacts of RF emissions that are regulated by the FCC (*see* Verizon's concurrently filed motion to dismiss) and alleged Clean Water Act violations that are regulated by the Lahontan Regional Water Quality Control Board (*see* Ex. 9 at p.34), Plaintiffs' claim under the Compact must be dismissed with prejudice.

### F.    TRPA Is Not Subject To NEPA Or The APA

Additionally, Plaintiffs' claims under NEPA and the APA fail as a matter of law because TRPA was created by a bi-state compact and is not a federal agency subject to those statutes. The Ninth Circuit has expressly held that the regulatory requirements arising under NEPA do not

apply to TRPA's decisions. *See Glenbrook Homeowners Ass'n v. Tahoe Regional Planning Agency*, 425 F.3d 611 (9th Cir. 2005); *see also California Tahoe Regional Planning Agency v. Sahara Tahoe Corp.*, 504 F.Supp. 753, 763 (1980). The same rationale prevents the application of the APA to TRPA: "Although the Compact is the equivalent of a federal law, the [Compact agency] is not the equivalent of a federal agency governed by the Administrative Procedures Act." *The Organic Cow, LLC v. NE Dairy Compact Comm'n*, 164 F. Supp. 2d 412, 419–20 (D. Vt. 2001), citing *Old Town Trolley Tours of Wash., Inc. v. Wash. Metro. Area Transit Comm'n*, 129 F.3d 201, 203 (D.C. Cir. 1997); *see also Sierra Club*, 840 F.3d at 1114 ("Since TRPA is not a federal agency, the Compact, and not the Administrative Procedure Act ('APA'), provides the applicable standard of review of TRPA actions."). In light of this jurisprudence, Plaintiffs' claims that TRPA allegedly violated NEPA and the APA (Second Cause of Action) must be dismissed, as a matter of law.

## G.     TRPA Cannot Be Liable Under The Federal Clean Water Act Or California Porter-Cologne Act

Plaintiffs' claims against TRPA under the Federal Clean Water and the California Porter-Cologne Act likewise fail as a matter of law because TRPA is not responsible for permitting or enforcement under either statute; these are under the purview of the Lahontan Regional Water Quality Control Board. Ex. 9 at p. 34; *see* Calif. Water Code §13300, et seq. TRPA's only responsibility under the Clean Water Act is to develop a Section 208 Plan (the Lake Tahoe Water Quality Management Plan), which it issued on June 19, 2013. Ex. 9. This Plan was approved and certified by the U.S. Environmental Protection Agency, the California State Water Board, and the Nevada Division of Environmental Protection. Exs. 10-12. To the extent Plaintiffs believe it is inadequate to protect against the water pollution from cell towers that they allege, the time to challenge that has long since passed. Compact Art. VI(j), Ex. 1. To the extent Plaintiffs believe that any particular existing facility is illegally discharging into a regulated water body in violation of the Clean Water Act and Porter-Cologne Acts, they need to address that with the operator of the facility or the agency charged with enforcement of these statutes, i.e., the Lahontan Regional Water Quality Control Board, not TRPA. *See* Calif. Water Code §13300, et

seq. Plaintiffs simply cite no authority that imposes liability under the Clean Water Act on any public agency that issues a permit for an activity by a third-party that Plaintiffs' contend may eventually pollute.

### H.   To The Extent TRPA Might Be Subject To The ADA, The FCC Regulates RF Emissions For The Disabilities Alleged By Plaintiffs[2]

Plaintiffs also fail to allege essential elements of a claim against TRPA under Title II of the ADA,[3] which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" is a "state or local government," or any "any ... instrumentality of a State or States or local government." 42 U.S.C. §12131(1). TRPA is neither a state or local government but rather a bi-state compact agency approved by Congress. *See* Ex. 1.

To the extent that TRPA could be deemed a "public entity" subject to Title II of the ADA as an "instrumentality" of California and Nevada, which is an unresolved question, Plaintiffs' ADA allegations cannot be harmonized with the TCA with regard to regulating RF emissions. This is because the ADA and the TCA use very similar language to define the entities they regulate. Like the ADA, the TCA applies to any "State or local government *or instrumentality thereof*." 47 U.S.C. § 332(c)(7)(B)(iv) (emphasis added). This means that either the ADA does not apply to TRPA, or both the ADA and the TCA apply, in which case, so does the TCA's prohibition of RF regulation by any state or local government "or instrumentality thereof." *See* Verizon's concurrently filed motion to dismiss. Either way, plaintiffs cannot allege a viable ADA claim against TRPA.

---

[2] To avoid duplication, TRPA joins in the City's arguments regarding the ADA and FHAA.
[3] Plaintiffs do not attempt to allege any claim under any other part of the ADA.

**TRPA Defendants' Motion to Dismiss Third Amended Complaint**          **Page 16**

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

### I. The Eighth Cause Of Action Against The Individual Defendants Must Be Dismissed On Multiple Grounds[4]

#### 1. The Court Lacks Personal Jurisdiction Over Marsha Berkbigler

Marsha Berkbigler resides in Nevada, and her work for TRPA does not satisfy the minimum contacts needed to be sued in California in her individual capacity. Federal courts typically apply state law in determining the bounds of their jurisdiction over persons. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). California has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with ... the Constitution of the United States." Cal. Civ. Proc. Code Ann. § 410.10. Due process requires that a nonresident defendant have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

Absent "continuous and systematic" contacts with the forum state, which Plaintiffs have not alleged, out-of-state defendants are only subject to specific personal jurisdiction rather than general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In analyzing whether a foreign defendant is subject to specific jurisdiction, courts apply a three-part analysis:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

[4] Plaintiffs sue Defendants Marsha Berkbigler and Joanne Marchetta in their official and individual capacities and Defendant Sue Novasel "in her official and *representative* capacities." ECF No. 60 (emphasis added). Although Plaintiffs reference 42 U.S.C. §1983, they fail to allege a claim under that statute. Even if they had, to state a claim under 42 U.S.C. §1983, a defendant must be sued in her "individual" capacity. For that reason alone, Defendant Novasel is not properly named and must be dismissed. Plaintiffs failed to cure this defect in their amended pleading. In the event the Court construes her to be sued in her "individual" capacity, she is included in the analysis of other grounds for her dismissal.

1    *Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015). If the defendant's presence was

2    "transitory," it is not "meaningful enough to create a substantial connection with the forum

3    State." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985).

4        The TAC takes issue only with Berkbigler's alleged non-disclosure of conflicts when

5    acting in her official capacity for TRPA. TAC ¶¶192, 194, 198-199. According to the TAC,

6    everything Berkbigler allegedly did that they deem actionable relates to her actions as a TRPA

7    Governing Board member.[5] TAC ¶¶16, 89, 92. To the extent that Berkbigler had any California

8    contacts in her individual capacity related to the matters encompassed in the TAC, her presence

9    in California was transitory and not adequately meaningful to allow personal jurisdiction to be

10    exerted over her in California. *See generally id.* Notions of fair play and substantial justice

11    prohibit Berkbigler from being "haled" into a California court in her individual capacity. *See*

12    *Burger King,* 471 U.S. at 475. Under these circumstances, the exercise of personal jurisdiction

13    over her would be unreasonable. *See id.*

14              **2.    The Individual Defendants Are Immune From Suit**

15        To the extent the Court concludes that the claim against them is timely, the Individual

16    Defendants are nevertheless entitled to absolute and qualified immunity.

17

18              **a.    Absolute Immunity Protects The Individual Defendants For**
                       **Their Adjudicatory And Legislative Decisions**

19        Without identifying a single specific decision, Plaintiffs' Eighth Cause of Action against

20    the Individual Defendants appears to take issue with their "comprehensive planning" decisions

21    and unidentified past quasi-adjudicatory decisions on wireless projects and "the entire course of

22    action concerning wireless facility permits and policies." TAC ¶¶184, 194. Plaintiffs request the

23    Individual Defendants' "immediate disqualification and recusal from any TRPA decision-

24    making regarding [wireless] facilities, and the voiding of any such policies, permits, or decisions

25

26    _____

27    [5] Ms. Berkbigler's position on the TRPA Governing Board derived from her position on the
      Washoe County Board of County Commissioners, which ended on December 31, 2020. TAC

28    ¶184. As a result, she is no longer on TRPA's Governing Board and was not on the Board when
      it denied Plaintiffs' appeal of the Ski Run facility permit. *See* Art. III(a)(2), Ex. 1.

**TRPA Defendants' Motion to Dismiss Third Amended Complaint          Page 18**

made with respect to such facilities in which they participated." TAC ¶16. The adoption of ordinances, the Regional Plan and other policy decisions are legislative in nature and entitle the Individual Defendants to absolute immunity from federal damages liability. *Lake Country Estates*, 440 U.S. at 406.

The remaining portion of Plaintiffs' Eighth Cause of Action contends the Individual Defendants had undisclosed conflicts of interest when acting in a "quasi-judicial capacity." TAC ¶194. So long as a quasi-judicial agency process shares enough characteristics with a court proceeding, the agency decision makers have absolute immunity from damages suits. *Butz v. Economou*, 438 U.S. 478, 512-13 (1978). In engaging in the quasi-judicial immunity analysis, courts must assess whether the agency process is "'functionally comparable' to that of a judge: an adversarial proceeding, a decision-maker insulated from political influence, a decision based on evidence submitted by the parties." *Buckles v. King Cty.*, 191 F.3d 1127, 1134 (9th Cir. 1999), *quoting Butz*, 438 U.S. at 512-13; *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("The Supreme Court has adopted a "functional approach" to determine whether an official is entitled to absolute immunity. This approach looks to the nature of the function performed, not the identity of the actor who performed it."). Agency proceedings may be considered adversarial if those supporting and those opposed to an issue are able to voice their position related to that issue. *See Buckles*, 191 F.3d at 1134.

Plaintiffs do not identify which particular proceedings they are attacking, but TRPA's appeal process meets the *Buckles* requirements and therefore immunizes the Individual Defendants from suit. An appellant must file a notice of appeal of the Executive Director's decision and pay the requisite fee no later than 21 days after final action. ROP §11.2, Ex. 3. The written statement of appeal must be filed on or before the fifteenth day of the month for the appeal to be placed on the next Governing Board agenda. *Id.* Failure of the appellant to file the statement of appeal within 30 days after filing the notice of appeal results in dismissal of the appeal. *Id.*

Where the appellant seeks a stay pending appeal, it must do so by affidavit or under penalty of perjury and include "credible evidence" regarding the need for a stay. *Id.* at §11.3. The

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

appellee has the opportunity to provide written evidence of the hardship that would be caused by the stay. *Id.* The Board Chair weighs the equities to determine whether a stay is warranted. *Id.*

The statement of appeal must include "a detailed and specific explanation of the ground for the appeal," and failure to include all arguments and bases for the appeal precludes the appellant from raising them before the Board. *Id.* at §11.4. Prior to the Governing Board's hearing, the Executive Director must prepare a staff position paper with contents specified in the rule. *Id.* at §11.8. For an appeal of the Executive Director's approval, such as occurred here, the Board may summarily determine, based on the written record and by vote of eight members, that:

> the appellant does not have sufficient interest in the outcome of the appeal to make an appeal or has not alleged a violation of law, the Compact, Plan Area Statements, Goals and Policies, Code, or other adopted TRPA plan, and, on such basis, decline to hear the appeal.

*Id.* at §11.6.1. If the Board decides to hear the appeal, the Rules specify the hearing procedures. *Id.* at §11.8.2, referencing §5.13. The Board has discretion to modify, revoke or affirm the Executive Director's approval. *Id.* at §11.6.2.

Moreover, safeguards are built into the Compact to shield the Governing Board members from inappropriate political influence. The Compact mandates that the governing body of the agency consist of a California and a Nevada delegation. Art. III(a)(1)-(2), Ex. 1. Each delegation consists of seven members who are appointed by various county boards and political officials of the member states. *Id.* The members of the delegation serve for a four-year term, which may be renewed. *Id.* Because the proceedings satisfied the *Buckles* factors, absolute immunity applies, and Plaintiffs' Eighth Cause of Action fails as a matter of law.

### b.    Qualified Immunity Protects The Individual Defendants From Damages Claims

Although Plaintiffs invoke 42 U.S.C. §1983 (TAC ¶1, Prayer for Relief ¶19), none of their causes of action asserts a claim under that statute. Even if they did, the Individual Defendants would be protected from a §1983 claim by qualified immunity. "[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). This immunity is far-reaching; "it safeguards all but the plainly incompetent or those who knowingly violate the law.... [I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998) (internal quotations omitted).

Courts must undertake a two-part analysis to resolve a qualified immunity defense and can address these parts in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right. If a plaintiff does not demonstrate a constitutionally protectable right, then there is no constitutional violation, and the defendants are entitled to qualified immunity. *See id.*; *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 701 (S.D.N.Y 2011). Even if a constitutional violation occurred, qualified immunity will apply unless the constitutional right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 231.

The TAC does not demonstrate a clearly established constitutionally protectable right. Indeed, no constitutional claim whatsoever is alleged in the TAC. Rather, Plaintiffs assert an alleged violation of their "civil rights under the Americans with Disabilities Act, and other federal and state laws that guarantee the civil rights of disabled persons…." TAC ¶196. "[A] plaintiff cannot bring an action under 42 U.S.C. §1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA …." *Vinson v. Thomas*, *288 F.3d 1145, 1156 (9th Cir.* 2002). On that basis alone, the Individual Defendants are protected by qualified immunity. *See Brewster*, 149 F.3d at 977.

Plaintiffs also contend TRPA's alleged "refus[al] to agenda a public hearing on TRPA's policies and practices regarding the wireless facilities rollout in the Lake Tahoe Region and by unduly circumscribing the public's ability to participate in the TRPA Board's public comment sessions" violated their First and Fourteenth Amendment rights, but that allegation identifies no

individual actor who could be subject to a due process claim. TAC ¶¶20, 196. Any such allegations fail to meet the most basic pleading requirements. *See Iqbal*, 556 U.S. at 678.

A suit against the Individual Defendants in their official capacities is a suit against TRPA. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Compact limits an action against the agency to one for judicial review. Art. VI(j), Ex. 1. Plaintiffs cannot circumvent the Compact provisions by suing the Individual Defendants.

### 3. Plaintiffs' Complaint Fails To Identify Any Actionable Conflict Of Interest Under The Compact

Even if the Court were to conclude that immunity does not protect the Individual Defendants, the Eighth Cause of Action nevertheless fails to state a claim upon which relief can be granted because the alleged positions of the Individual Defendants on the Tahoe Prosperity Center board does not violate the conflict-of-interest provision in the Compact. The Compact requires disclosure only of certain "economic interests" of a Board member or employee. Art. III(a)(5), Ex. 1. "Economic interests" is defined as:

(A) Any business entity operating in the region in which the member or employee has a direct or indirect investment worth more than $1,000.

(B) Any real property located in the region in which the member or employee has a direct or indirect interest worth more than $1,000.

(C) Any source of income attributable to activities in the region, other than loans by or deposits with a commercial lending institution in the regular course of business, aggregating $250 or more in value received by or promised to the member within the preceding 12 months; or

(D) Any business entity operating in the region which the member or employee is a director, officer, partner, trustee, employee or holds any position of management.

The Compact further provides:

No member or employee of the agency shall make, or attempt to influence, an agency decision in which he knows or has reason to know ***he has an economic interest***. Members and employees of the agency must disqualify themselves from making or participating in the making of the agency when it is reasonably foreseeable that the decision with have a material financial effect, distinguishable from its effect on the public generally, ***on the economic interests of the member or employee.***

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Art. III(a)(5), Ex. 1 (emphases added). TRPA's Rule 8.4 prohibits employees from accepting outside compensation that gives rise to an actual or perceived conflict of interest.  Ex. 3.

 Although Plaintiffs allege that the Individual Defendants "have an economic interest in keeping his or her job" and "support TPC's agenda in order to maintain the economic advantages of employment" (TAC ¶¶197-198), the Compact is clear that Governing Board members "serve without compensation." Art. III(b), Ex. 1. Plaintiffs do not allege that Marchetta's position as Executive Director was tied to any action in which Plaintiffs contend she had a conflict of interest. *See* TAC ¶192. In any event, her salary was set by the Governing Board. Art. IV(a), Ex. 1.

Plaintiffs likewise do not allege that any of the Individual Defendants received compensation for having served on the TPC board. *See* TAC ¶192. To circumvent these shortcomings, Plaintiffs resort to an allegation that the Individual Defendants are acting for political reasons. TAC ¶197. Even accepting this allegation as true for the purposes of a motion to dismiss, it does not require disclosure or recusal under the Compact because it does constitute an "economic interest." Art. III(a)(5), Ex. 1.

Moreover, the Compact does not create a private right of action against individual TRPA employees and board members in their individual capacities for an alleged conflict of interest. *See* Art. VI(j), Ex. 1. The sole cause of action allowed is a claim against the agency for judicial review under Compact Art. VI(j). Ex. 1. Because such a claim would be untimely, the Eighth Cause of Action necessarily fails as a matter of law.

Plaintiffs cannot circumvent the plain language of the Compact by bringing their conflict-of-interest claim under California's open meeting law because any such claim is preempted. *See Jacobson*, 566 F.2d at 1358. Even if it were not preempted, the Eighth Cause of Action nevertheless fails to state a claim for multiple reasons. Plaintiffs acknowledge that TPC is a not-for-profit entity (TAC ¶¶184, 194), as opposed to a government agency subject to California's open meeting law. Indeed, faced with TPC's motion to dismiss on this ground (ECF No. 19), Plaintiffs already voluntarily dismissed TPC with prejudice from this suit. ECF No. 24. Additionally, California's open meeting law does not even address conflicts of interest. *See* Cal.

Leonard Law, PC

955 South Virginia Street, Suite 220 | Reno, Nevada 89502
775-964-4656 | Debbie@leonardlawpc.com

Gov't Code §54950, et seq. Those are governed by Cal. Gov't Code §87300, et seq., the Political Reform Act, which likewise is preempted by the Compact's conflict-of-interest provisions. *See California Tahoe Regional Planning*, 504 F.Supp. at 760-61.

<u>**CONCLUSION**</u>

The only timely claim against TRPA alleged in the TAC over which the Court has jurisdiction is for judicial review under the Compact related to TRPA's denial of Plaintiffs' appeal from the Ski Run Facility permit, and that claim is barred or preempted to the extent it is based on concerns about RF emissions or discharges of microplastics into the water. All claims against TRPA must be dismissed with prejudice.


DATED:  July 25, 2022

LEONARD LAW, PC

  /s/ Debbie Leonard
Debbie Leonard (#226547)
Leonard Law, PC
955 South Virginia Street, Suite 220
Reno, Nevada 89502
(775) 964-4656
debbie@leonardlawpc.com

John L. Marshall (#145570)
General Counsel
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
jmarshall@trpa.gov
*Attorneys for TRPA Defendants*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that I am an employee of Leonard Law, PC and that I caused to be electronically filed on this date a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically e-serve participating counsel. Any counsel listed below who are not registered for e-serve will be served by first-class mail:

Gregg R. Lien
P.O. Box 7442
Tahoe City, CA 96145

Julian Gresser
Of Counsel Swankin & Turner
P.O. Box 30397
Santa Barbara, CA 93130

Robert J. Berg
Law Office of Robert J. Berg PLLC
17 Black Birch Lane
Scarsdale NY 10583

Heather Stroud
Daniel J. Bardzell
City of South Lake Tahoe
1901 Lisa Maloff Way, Suite 300
South Lake Tahoe, CA 96150

James Heard
Mark L. Mosley
Melanie Sengupta
Mackenzie & Albritton LLP
155 Sansome Street, Suite 800
San Francisco, CA 94104

DATED:  July 25, 2022

_/s/ Tricia Trevino_____
(original signature retained by attorney Debbie Leonard)