ROBERT J. BERG (Admitted *pro hac vice*)
LAW OFFICE OF ROBERT J. BERG PLLC
17 Black Birch Lane
Scarsdale, New York 10583
Telephone: (914) 522-9455
Email: robertbergesq@aol.com

JULIAN B. GRESSER, State Bar No. 50656
P.O. Box 30397
Santa Barbara, CA 93130
Telephone: (805) 563-3226
Email: juliangresser77@gmail.com

GREGG R. LIEN, State Bar No. 69620
P.O. Box 7742
Tahoe City, CA 96145
Telephone: 530-583-8500
Email: lakelaw@sierratahoe.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MONICA EISENSTECKEN, et al., | Case No. 2:20-cv-02349-TLN-CKD |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CITY OF SOUTH LAKE TAHOE'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| vs. | |
| TAHOE REGIONAL PLANNING AGENCY, et al., | The Honorable Troy L. Nunley |
| Defendants. | Hearing Date: October 22, 2022, 2 p.m., Courtroom 2 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... 3

I.   INTRODUCTION ........................................................................... 4

II.  STATEMENT OF FACTS ............................................................. 7

    1.  Plaintiff David Benedict Suffers From Multiple Myeloma.  His Recovery Requires His Exposure to RFR be Minimized. CSLT has Refused Benedict's Request for Reasonable Accommodation to Require Verizon to Move, Redirect, or Turn Off the Small Cell Antenna Harming Him Even Though Verizon's Refusal Violates the SLC Special Use Permit............................... 7

    2.  The Verizon Wireless Special Use Permit issued for the 112-foot tall monopine at 1360 Ski Run Boulevard by the South Lake Tahoe City Council, despite the overwhelming opposition by residents, is null and void because Verizon Wireless failed to utilize its variance within one year of the date of granting ......................................................................................... 13

III. ARGUMENT ................................................................................ 19

    1.  The TAC does not challenge CSLT's issuance of either the small cell wireless facility special permit at Needle Peak Road or the special use permit for the monopine at 1360 Ski Run Boulevard so any 90-day statute of limitations is irrelevant.................................................................... 19

    2.  CSLT's *Res Judicata* argument is specious. ............................. 22

    3. The 10th and 11th causes of action don't seek monetary damages against CSLT. ................................................................................ 25

IV. CONCLUSION ............................................................................ 25

**TABLE OF AUTHORITIES**

**Cases**

*Citizens for Beach Rights v. City of San Diego*,

   217 Cal. Rptr. 3d 316 (Cal. Ct. App. 2017) ........................................................ 20, 21, 22

*Fed. of Hillside & Canyon Ass'ns v. City of Los Angeles*,

   126 Cal. App. 4th 1180 (Cal. Ct. App. 2004) ..................................................... 23

*Upton v. Gray*

   269 Cal. App. 352, 357 (Ct. App. 1st App. Dist. 1969)..................................... 16


**Statutes**

Americans with Disabilities Act ....................................................... 5, 6, 10, 11, 13

Fair Housing Amendments Act.......................................................... 5, 6, 10, 11, 13


**Other Authorities**

Tahoe Regional Planning Compact.................................................... 18, 19

Plaintiffs Monica Eisenstecken, Tahoe Stewards LLC, Tahoe for Safer Tech, Environmental Health Trust, and David Benedict (collectively, "Plaintiffs"), by and through their attorneys, hereby submit this Memorandum of Law in opposition to the City of South Lake Tahoe's Motion to Dismiss the Third Amended Complaint ("TAC").

## I.    INTRODUCTION

The City of South Lake Tahoe ("CSLT") has moved against the TAC based entirely upon a false premise --  that Plaintiffs are challenging CSLT's *original issuance* of two special use permits for wireless communications facilities – (1) a "small cell" wireless communications facility attached to a utility pole in the public right of way near Needle Peak Road, approved by the City in August 2018 (hereafter, the "Needle Peak Road small cell facility"); and (2) a 120 foot tall monopine cell tower to be located at 1360 Ski Run Boulevard, approved by the City Council on January 14, 2020 (the "Ski Run monopine").  According to CSLT, the 90-day statute of limitations has long since run out on any challenges to the "approvals" of these permits.  *See* CSLTC Br. at 1. But Plaintiffs make no such challenge, and indeed, recognize that for the purposes of this lawsuit, claims regarding the CSLT's original *issuance* of those two special use permits are time-barred.  Plaintiffs' claims against CSLT are entirely different.

First, with respect to the small cell facility, the TAC assumes *arguendo* that the special use permit had been issued "legally."  However, that special use permit includes conditions governing operation of the small cell facility pursuant to the permit.  Verizon had agreed to abide by those conditions in order to obtain the permit and to operate the small cell facility pursuant to those conditions once the facility was built.  CSLT has continuing duties to enforce the conditions of the special use permit.  In particular, General Condition of Approval 27 provides: "The wireless communications facility site shall be developed and maintained in a neat, quiet, and

orderly condition, *and operated in a manner so as not be detrimental to adjacent properties.*"
(Emphasis added).  The TAC alleges that Verizon has violated the special use permit because
Verizon is injuring plaintiff David Benedict by directing the radiofrequency radiation transmitted
from its wireless antennas on the nearby small cell facility onto and directly across Mr.
Benedict's property, into his house, and into his body.  Therefore, Verizon is operating the facility
in a manner which is "detrimental to adjacent properties."

The TAC further alleges that Plaintiffs have notified CSLT that Verizon's actions
constitute continuing violations of its special use permit which are causing serious injuries to Mr.
Benedict.  Mr. Benedict has sought CSLT's assistance to cause Verizon to either move the small
cell facility, redirect its antennas, or turn it off to protect Mr. Benedict's life and health (he suffers
from multiple myeloma) pursuant to the Americans with Disabilities Act ("ADA"), the Fair
Housing Amendments Act ("FHAA"), and the terms of Verizon's special use permit issued by the
CSLT.  But CSLT has refused to take any action to help, wrongly asserting it is powerless to do
so.  Mr. Benedict's claims against CSLT are based upon its failure to take any action against
Verizon related to Verizon's continuing day-to-day violations of its special use permit for the
small cell facility and its violations of the ADA and FHAA.  CSLT has no valid statute of
limitations defense to these claims, including violations of the Conditional Use Permit ("CUP").

*With respect to the Ski Run facility, Plaintiffs' claims regarding the CSLT special use
permit are not against CSLT for issuing the permit.*  This is not an end run to challenge the
propriety of the City Council's 3-2 decision denying Eisenstecken's appeal which led to the
City's issuance of the special use permit on January 14, 2020.  That train long ago left the station.
The special use permit which CSLT granted to Verizon for that facility required Verizon to "use"
the permit within one year.  Otherwise, the special use permit automatically expires by its express
terms.  The TAC alleges that upon CSLT's issuance of this permit to Verizon on January 14,

2020, Verizon took no steps to "utilize" the permit in the manner the California courts have construed the term, within that one-year period, and so, the permit simply expired. This claim has nothing to do with CSLT's original *issuance* of the permit, and so, the 90-day statute of limitations regarding challenges to such issuance is inapplicable. The only question – for which Plaintiffs seek a declaratory judgment from this Court – is whether Verizon allowed the CSLT's special use permit for the Ski Run facility to lapse on account of Verizon's failure to "utilize" the permit within one year. Verizon maintains that Verizon's act of transmitting a copy of the special use permit to the Tahoe Regional Planning Agency ("TRPA") and its subsequent one-time request to TRPA to let Verizon know once TRPA puts Verizon's application for a TRPA permit for the facility on the TRPA agenda constitute sufficient "utilization" of the permit to maintain its validity (apparently in perpetuity). The City's involvement with these claims springs only from Verizon's use of an email from Heather Stroud, the City Attorney, baldly asserting without any analysis or support that Verizon's mere transmittal of a copy of the CSLT special use permit to TRPA within one year of its issuance constitutes "utilization" of the variance. Under the law in California, such minimal ministerial acts do not amount to "utilization" of the permit, and the TAC simply asks this Court to so rule.

CSLT further mistakenly contends that the TAC asserts claims for private and public nuisance against it, and then argues such claims are barred for failure to comply with claim presentation requirements and because of statutory immunity. But the TAC doesn't assert claims against CSLT for private and public nuisance – those claims are asserted against Verizon. Finally, CSLT's argues that plaintiff Benedict cannot maintain a claim under the ADA and/or the FHAA against CSLT for failure to offer him reasonable accommodations by requiring Verizon to move or turn away or off the antenna that is transmitting deadly RF emissions onto his adjacent

property and into his already compromised body.  CSLT's position is both meritless and shameful.  CSLT's motion to dismiss must be denied.

## II.    STATEMENT OF FACTS

On August 9, 2018, CSLT issued a special use permit for the Needle Peak Road small cell facility.  On January 14, 2020, CSLT issued a special use permit for the Ski Run monopine.  CSLT correctly notes that "[n]o timely legal challenge was made to the City's approval of either facility."  CSLT Br. at 1.  No one filed a legal challenge to the CSLT's *issuance* of the Needle Peak Road small cell facility special use permit.  Plaintiff Monica Eisenstecken did file an action in the Superior Court for County of El Dorado, Case No. SC20200108, on August 12, 2020, against STLC and Verizon challenging CSLT's *issuance* of the special use permit for the Ski Run monopine.  CSLT RJN Ex. A.  However, CSLT and Verizon moved for demurrers on the ground that the lawsuit was filed beyond the statute of limitations.  Before that motion was fully briefed, Eisenstecken filed a voluntary dismissal of the action with prejudice, which was entered by the Court on October 21, 2020.  CSLT RJN Ex. D.

On April 13, 2022, Plaintiffs served CSLT with the Second Amended Complaint in this action, which asserts claims against CSLT for *failing to enforce* the conditions of the special use permit it issued to Verizon for the Needle Peak Road small cell facility, and seeks a declaration that the CSLT permit for the Ski Run monopine had expired due to Verizon's failure to "use" the permit within one year of issuance.  These claims are likewise set forth in the operative TAC now before the Court which was filed on June 10, 2022 (ECF#60).

**1.  Plaintiff David Benedict Suffers From Multiple Myeloma.  His Recovery Requires His Exposure to RFR be Minimized. CSLT has Refused Benedict's Request for Reasonable Accommodation to Require Verizon to Move, Redirect, or Turn Off the Small Cell Antenna Harming Him Even Though Verizon's Refusal Violates the SLC Special Use Permit.**

Mr. Benedict resides in a 1,447-square foot, 6 room, 2 bedroom, 1 bath house built in

1949, on 1.06 acres of land, located at 3585 Needle Peak Road, South Lake Tahoe.  He has

owned the house for more than 25 years.  TAC ¶¶27, 93. On August 9, 2018, the CSLT Planning

Commission approved a special use permit that allowed Verizon to replace an existing utility pole

in the City right of way in the vicinity of 3565 Needle Peak Road with a new utility pole that is

ten to fifteen feet taller and can accommodate a Verizon a small cell wireless facility. After

receiving the permit, later that year, Verizon constructed a small cell wireless facility at that

location, which is across the street and approximately 130 feet from Mr. Benedict's house, within

a direct line of sight. That small cell wireless facility contains three omnidirectional antennas

which have continuously emitted RFR radiation in all directions, including directly at Mr.

Benedict's house, 24/7, since Verizon turned on the facility. TAC ¶94.

Unfortunately, after that small cell facility was installed and became operational, Mr.

Benedict developed and presently suffers from multiple myeloma, a blood cancer.  He is being

treated by leading oncologists and medical researchers at the University of California, San

Francisco.  The medical specialist formerly in charge of Mr. Benedict's treatment, Dr. Nina Shah,

a University of California San Francisco medical school professor and world-expert in treating

multiple myeloma, has concluded that, in her medical opinion, multiple myeloma is aggravated

by oxidative stress.   She further has opined that peer-reviewed scientific studies definitively link

wireless radiation exposure to increased levels of oxidative stress.  This leading oncologist who

established the treatment protocol for Mr. Benedict believes that, in her medical opinion, the

additional wireless radiation transmitted from Verizon's small cell facility is interfering with Mr.

Benedict's FDA-approved experimental drug trial, and is impeding his recovery from this

dreadful disease.  TAC ¶¶ 28, 93, 97, 106.

Given Mr. Benedict's precarious medical state, and his grave concern that Verizon is assaulting him continuously with dangerous and unwanted wireless radiation, Mr. Benedict commissioned two electromagnetic frequency assessments by a certified building biologist to be performed at his property. The first assessment was conducted on April 16, 17, and 18, 2021. This was the last weekend of the ski season at the Heavenly Valley ski area which is located in the immediate neighborhood.  The readings taken during that first assessment, when Verizon increased its cell tower power to service increased customer demand, showed measurements in the *extreme danger zone*, using the recommended standards set by the Building Biology Institute. Mr. Benedict commissioned a certified building biologist and environmental consultant and certified electromagnetic radiation specialist to conduct the second assessment of his house and property which was performed on April 30 and May 1, 2021.  This assessment was conducted after the ski season at Heavenly Valley had ended, and significantly fewer people were present in the South Lake Tahoe City area.  Nonetheless, the electromagnetic radiation specialist found that the levels of RFR present inside Mr. Benedict's house, particularly in the rooms where he sleeps, are all well above the "Extreme Concern" level, which is "totally unacceptable even for people in excellent health."  The electromagnetic radiation specialist found that the source of the electromagnetic radiation producing these levels of "Extreme Concern" is the Verizon small cell wireless facility located in the vicinity of 3565 Needle Peak Road, about 130 feet from Mr. Benedict's house. The specialist suggested that Verizon remove this small cell facility to a location where it will not be able to direct any wireless radiation at Mr. Benedict's house and property.  As of the current time, no other wireless transmission facility in the area appears to be directing wireless radiation onto Mr. Benedict's property and into his house at high enough levels to cause a likely risk of exacerbating Mr. Benedict's medical condition and impairing his recovery.

Mr. Benedict will be further endangered by the radiation which will be transmitted from Verizon's 112-foot tall monopine cell tower at 1360 Ski Run Boulevard, just one block down the street (perhaps 1,000 feet) from Mr. Benedict's property at 3565 Needle Peak Road, unless this Court blocks its construction (or, if the construction proceeds and the tower is completed, orders it to be dismantled). The TRPA Governing Board, by denying Plaintiffs' appeal of Hearing Officer Burch's grant of the TRPA permit at the March 23, 2022 hearing, has now approved Verizon to construct and operate the monopine cell tower at 1360 Ski Run Boulevard.

Mr. Benedict is struggling to regain his health at his home in South Lake Tahoe.  He lacks the financial means to relocate. He is unwilling to go to a homeless shelter, when he has lived peacefully in his own home for many years. Mr. Benedict literally has nowhere to escape from the non-stop, unwanted, offensive, dangerous assault and intrusion of the RFR from Verizon's wireless transmission facilities in his immediate residential neighborhood.

Mr. Benedict's physician urges that the cellular communications company responsible for the RFR radiation to which Mr. Benedict is being exposed, Verizon Wireless, and the concerned governmental entities, TRPA and CSLT, make every reasonable accommodation to support Mr. Benedict in his courageous struggle in the face of his grave illness.  In her medical opinion, she states: "'reasonable accommodation' must be the cessation of the RFR radiation transmissions so long as Mr. Benedict resides in his home."

On May 4, 2021, Mr. Benedict's counsel in this action sent a letter to the relevant representatives of Verizon, TRPA, and CSLT requesting a "reasonable accommodation" under the ADA and the FHAA. As for TRPA and the City of South Tahoe, on May 10, 2021, John Marshall, TRPA's General Counsel, sent an email to Plaintiffs' counsel proposing to engage in an interactive process and to meet with Mr. Benedict to discuss possible accommodations.  Plaintiffs' counsel met by Zoom with Mr. Marshall and Heather L. Stroud, the City Attorney for CSLT on

May 20, 2021.  During that Zoom meeting, Plaintiffs' counsel explained Mr. Benedict's dire

medical circumstances, the high levels of RFR that Verizon's small cell wireless facility directly

across the street is continuously blasting onto Mr. Benedict's property and into his house, the

injuries and stress these RFR exposures are causing Mr. Benedict, and the interference the RFR is

likely having on Mr. Benedict's medical treatment, as substantiated by the distinguished

physician and researcher in charge of his medical care; and the tremendous constraints these RFR

transmissions are imposing on Mr. Benedict's ability to use his property and enjoy his home.

Plaintiffs' counsel explained to Mr. Marshall and Ms. Stroud how Verizon's harmful

transmissions are violating the terms of the special use permits the company had obtained from

both TRPA and CSLT, and how TRPA and CSLT each have the power to order Verizon to shut

down the small cell wireless facility that is causing these injuries and/or to revoke the permit.  In

response, Mr. Marshall and Ms. Stroud maintained that neither TRPA nor CSLT has the legal

power to take any of the actions requested.

      Counsel for TRPA and CSLT continued to engage in correspondence about Mr.

Benedict's request for reasonable accommodation, but both entities have steadfastly refused to

provide any accommodation, insisting they lack the authority to require Verizon to move or to

turn off the power to the Verizon small cell wireless facility located in the vicinity of 3565 Needle

Park Road. TAC ¶¶ 102, 107. However, under the express terms of the special use permits, both

the City and TRPA have the right to rescind the permits or take other appropriate actions because

the facility is harming Mr. Benedict and his property.  Moreover, the ADA and the FHAA confer

upon the City and TRPA affirmative obligations to provide reasonable accommodations to Mr.

Benedict by ordering Verizon to cease transmitting the continuous damaging stream of RFR onto

his nearby property and into his residence at high levels which his expert treating physician states,

in her medical opinion, is causing him serious bodily harm.  "Reasonable accommodation" under

the ADA and the FHAA includes modifying existing laws, policies, practices, or services to the reasonable extent necessary to provide equal access to the disabled, and by refusing to act to accommodate Mr. Benedict's disability, the City and TRPA are violating both federal statutes.

Plaintiffs' counsel provided Ms. Stroud with a "legal memorandum" on May 26, 2021 setting forth the legal basis entitling Mr. Benedict to "reasonable accommodation."  Ms. Stroud, in an email dated May 28, 2021, rejected Mr. Benedict's request for reasonable accommodation to have the City require Verizon to move or turn off its permitted small cell facility. On June 16, 2021, Plaintiffs' counsel responded by email to Ms. Stroud's May 28, 2021 email which invited further discussion with the City about other reasonable accommodations which might shield Mr. Benedict from RFR exposure while he is suffering from such exposure caused by Verizon's small cell wireless facility. The email challenges Ms. Stroud to explain why she keeps insisting that the City has no legal authority to modify the conditional use permit authorizing Verizon's small cell wireless facility at this location when, in fact, General Condition of Approval 27 provides: "The wireless communications facility site shall be developed and maintained in a neat, quiet, and orderly condition, and operated in a manner so as not be detrimental to adjacent properties." Plaintiffs' counsel then proposed several possible modifications to Mr. Benedict's house and/or to Verizon's equipment which Plaintiffs' building biologist had recommended following his detailed measurements of the RFR measurements in the house and the sources thereof.  Among the recommendations are: (1) install a new pole with a shield on it close to the existing pole with the Verizon small cell facility to block the RFR coming from the Verizon small cell facility in the direction of Mr. Benedict's property and house; (2) install an outrigger with a shield on the existing pole bearing the Verizon small cell facility to block the RFR in the direction of Mr. Benedict's property; (3) staple hundreds of square feet of fine mesh aluminum screen to the wooden side of Mr. Benedict's house facing the Verizon small cell facility to prevent the

penetration of the RFR into the house; and (4) plant additional trees on Mr. Benedict's property to further block the RFR emitting from the Verizon small cell facility.  Plaintiffs' counsel proposed that the City and Verizon pay for the costs of these modifications insofar as Mr. Benedict is without any financial means whatsoever, and requested an expedited reply from Ms. Stroud.  On June 25, 2021, Ms. Stroud responded on behalf of the City and reported on her outreach to Verizon's counsel, Paul Albrittron, stating that Verizon is unwilling to change anything to accommodate Mr. Benedict, and the City does not have authority to modify or revoke Verizon's special use permit because it is operating in compliance with the permit conditions and FCC limits, and the City cannot pay for alterations to safeguard Mr. Benedict's house. TAC ¶ 109. Plaintiffs' counsel have thus exhausted all efforts with Verizon, TRPA, and the City to reach any accommodation pursuant to the ADA, the FHAA, or otherwise to ameliorate or eliminate the transmission of high levels of RFR from Verizon's small cell wireless facility in the vicinity of 3565 Needle Peak Road onto Mr. Benedict's property and into his house approximately 130 feet away, and thereby avoid causing further injury to Mr. Benedict.[1]

**2.     The Verizon Wireless Special Use Permit issued for the 112-foot tall monopine at 1360 Ski Run Boulevard by the South Lake Tahoe City Council, despite the overwhelming opposition by residents, is null and void because Verizon Wireless failed to utilize its variance within one year of the date of granting**

[1] In December 2020 Mr. Benedict joined an FDA approved experimental drug trial for his high-risk multiple myeloma which included injections of his altered t-cells. The initial results were very positive. Under a high powered microscope bone marrow and blood tests taken at the time revealed only residual traces of his multiple myeloma. For a multiple myeloma patient, this is very good news, a ray of hope and light, amidst the dark clouds of this often deadly disease. In August 2022, Mr. Benedict's attending oncologist, Dr. Thomas Simrad, reported to Mr. Benedict that his bone marrow and blood tests revealed elevated levels approaching a dangerous red flag.
Meanwhile during this period, Verizon has continued its radiation bombardment of David's person and property, obdurately refusing to make any reasonable accommodation under the ADA, and despite the fact that Verizon is violating a key condition of its original use permit from the City of South Lake Tahoe. Verizon's continuing bombardment of RF radiation, which is increasing oxidative stress, is likely a primary contributing factor in David Benedict's medical deterioration. His relapse was entirely foreseeable and preventable with reasonable precaution on Verizon's part. For an indigent cancer patient in as desperate straits as David Benedict finds himself--hope, self-care, and the steady cultivation of life force in a peaceful and stress-free environment--will help accelerate his recovery. All that is at stake for Verizon is to establish a precedent of caring—limited to this extraordinary medical situation, with no binding legal effect. For David Benedict Verizon's reasonable accommodation could mean his survival.

As shown below, Verizon failed to "utilize" the special use permit issued by CSLT for Verizon's monopine cell tower at 1360 Ski Run Boulevard on January 14, 2020 within one year period of issuance, so the special use permit automatically expired by its express terms as of January 14, 2021.  In order for TRPA to issue its conditional use permit for the monopine to Verizon, Verizon needed to have a valid CSLT special use permit in effect.  Since the City's permit had expired, TRPA acted *ultra vires* and unlawfully in granting Verizon's conditional use permit for this facility.

The facts are uncontested.  On or about March 22, 2019, Verizon Wireless filed a General Planning Application for a major design review and a special use permit with the South Lake Tahoe Development Services Department, Planning Division, to erect a 112-foot tall monopine cell tower on property owned by Defendant Nel at 1360 Ski Run Boulevard in South Lake Tahoe. Verizon is also proposing to install a standby generator and fossil-fuel storage that will be located behind the equipment shed.  The application was assigned File #19-026.  On or about May 31, 2019, the South Lake Tahoe Planning Department published in the Tahoe Daily Tribune newspaper a summary notice of a public hearing to be held on June 13, 2019 to consider, among other things, the application of Verizon Wireless for the special use permit at 1360 Ski Run Boulevard.  Mailed notice of the June 13, 2019 public hearing purportedly was provided to all landowners within 300 feet of the subject property.  However, the notice was never received by Plaintiff Eisenstecken or by her father, the landowner, and, therefore, Eisenstecken was not made aware of the upcoming hearing, even though the 112-foot tall monopine cell tower was being proposed for construction on the adjoining property, just two hundred feet or so from her bedroom.  On June 13, 2019, the South Lake Tahoe Planning Commission held a public hearing to address the Verizon Wireless application for the special use permit at 1360 Ski Run Boulevard. The Planning Commission approved the Special Use Permit, by a 3-1 vote, based on the staff

report and required findings, and subject to the Conditions of Approval specified in the City Permit.

On or about June 25, 2019, CSLT issued the special use permit, which includes as general condition number 3 the following: "This Special Use Permit shall expire and become null and void one year after the date of granting, unless such variance is utilized prior to the date of expiration." On or about June 28, 2019, Verizon Wireless accepted the conditions set forth in the special use permit.

On June 27, 2019, Plaintiff Eisenstecken filed an appeal of the Planning Commission decision approving the special use permit. Appeals of decisions of the Planning Commission are heard by the South Lake Tahoe City Council. On or about August 6, 2019, the CSLT Council was scheduled to hear Plaintiff Eisenstecken's appeal, but at the City Council meeting, the appeal was postponed until September 3, 2019. Pursuant to a continuing series of agreements among the parties, the appeal hearing was re-scheduled for January 14, 2020. On January 14, 2020, the CSLT Council conducted a nearly three-hour long hearing and deliberation, and then voted 3-2 to deny the appeal and to uphold the special use permit, adding a condition that Verizon Wireless permit other carriers to co-locate antennas on the monopine.

The special use permit issued by the CSLT Council to Verizon on January 14, 2020 contains an "Addendum to Special Use Permit," "1360 Ski Run," "File 10-026." The Addendum provides as follows:

> The Special Use Permit issued on June 25, 2019 and accepted by Verizon on June 28, 2019 is amended to incorporate the City Council decision of January 14, 2020 to deny the appeal and uphold the Planning Commission approval of the Special Use Permit for Verizon Wireless, File #19-026 (Resolution 20-004).

The motion passed by City Council included a general condition for the Special Use Permit as follows:

The applicant shall allow co-location on the monopine if technologically feasible. If not technologically feasible, the applicant shall submit a report stating these facts for the record.'

The Addendum then sets forth a paragraph entitled "PERMITTEE'S ACCEPTANCE" which Verizon's representative signed on January 24, 2020.

In order for the CSLT Special Use Permit to remain valid, Verizon Wireless was required to "utilize" the variance within one year – otherwise, it "shall expire and become null and void one year after the date of granting." The expiration date for the permit was January 14, 2021 if Verizon failed to "utilize" the permit before that date.

Under California law, land use and zoning statutes often provide that variances and/or permits automatically expire at one year unless used during that one-year period. The purpose of the one-year automatic expiration is to prevent reserving the use of land for future purposes when one has no present intention to commence upon the permitted use. Although a permittee need not comply with every condition in the use permit in order to avoid expiration of the permit after one year, the permittee must take some affirmative, good faith action in employing the permit. *See, e.g., Upton v. Gray,* 269 Cal. App. 352, 357 (Ct. App. 1st App. Dist. 1969).

 Nothing in the public record shows any activity at all by Verizon to move forward with its proposed monopine tower project at 1360 Ski Run Boulevard during the one-year period following issuance of the special use permit.  Once Verizon Wireless obtained its special use permit for this facility, its next step procedurally would have been to move forward with its application for a necessary permit from TRPA.  *However, a search of TRPA's online database for 1360 Ski Run Boulevard reveals zero activity for the one-year period ending January 14, 2021.*

TRPA's pubic database shows that on or about March 22, 2019, Verizon Wireless, filed an incomplete application to TRPA for a TRPA permit to erect a 112-foot tall monopine cell tower on property owned by Defendant Nel at 1360 Ski Run Boulevard in the City of South Lake

Tahoe.  TRPA assigned TRPA File # ERSP 2019-0389 1360 Ski Run Blvd. as the project file. The initial materials filed by Verizon Wireless as part of this incomplete application included, among other things, several site plans relating to the proposed Verizon Wireless monopine cell tower along with plans relating to a project proposed by AT&T several years earlier for a monopine cell tower on the same land parcel which project AT&T subsequently abandoned. Verizon Wireless provided some answers to questions on the application and left others blank. On or about May 20, 2019, Brandy McMahon, local government coordinator for TRPA, emailed Joseph Sharp, the site specialist for Verizon Wireless who filed the application, advising him that she had completed a preliminary review of the Verizon Wireless application on behalf of Theresa Avance, TRPA Senior Planner, who was assigned to the project. Ms. McMahon identified numerous items that Verizon Wireless needed to address or submit before its application could be processed. Verizon Wireless had to prepare a notice program for affected landowners and the public, submit a RFR study, provide coverage maps to document any purported "gap" in coverage, substantiate the height required for the tower, and address tree removal, best management practices, and land/lot coverage.  On or about June 3, 2019, Ms. Avance told Mr. Sharp to submit a soil hydrology application.  Verizon Wireless responded to these requests over the next few months, and submitted certain information to the TRPA file, including revised site plans dated June 26, 2019.

On or about August 14, 2019, Verizon submitted the soils hydrology assessment requested by TRPA's Ms. Avance.  On or about August 27, 2019, Julie Roll, a TRPA Senior Planner, wrote Defendant Nel, informing him that TRPA staff had reviewed the Verizon Wireless hydrology scoping report application submitted in connection with the cell tower and accessory building application and determined that the proposed excavation would not likely be impacted by the water table.  Therefore, TRPA issued a soil hydrologic approval waiver.

Neither Nel nor Verizon Wireless appear to have taken any steps at all post August 14, 2019 to move forward with the incomplete application Verizon filed with the TRPA.  The Special Use Permit was not issued by CSLT until January 14, 2020, a full five months after Verizon ceased all activity towards completing its open application with the TRPA for a permit to construct and operate the very same monopine cell tower. This failure by Verizon to take any actions to complete its open application with the TRPA for the TRPA permit for the monopine at 1360 Ski Run Boulevard persisted well beyond the one-year special use permit deadline on January 14, 2021.  Verizon first began actions to complete said open TRPA action a few months after the January 14, 2021 deadline had passed.

Plaintiffs presented the foregoing specific facts to TRPA Hearings Officer Burch at the October 14, 2021 hearing on Verizon's application for the TRPA permit to authorize construction and operation of its proposed monopine at 1360 Ski Run Boulevard.  Verizon's attorney, Paul Albritton, rebutted Plaintiffs' specific factual showing simply by asserting generally and without offering any evidence or factual support that Verizon had taken steps to further its application with TRPA after receiving the City's permit within the one-year period.  *However, Mr. Albritton submitted no proof whatsoever of any actions actually taken by the applicant besides simply e-mailing a copy of the City permit to the TRPA.*  That didn't matter. Later that afternoon, Hearings Officer Burch orally approved Verizon's application without even mentioning Plaintiffs' contention that the underlying required CSLT special use permit had expired.  Hearings Officer Burch never provided a written opinion explaining and supporting her arbitrary decision. Hearings Officer Burch's failure to address this critical issue in her oral decision was arbitrary and capricious, lacked evidentiary support, and failed to proceed in a manner required by law in violation of the Tahoe Regional Planning Compact, Article VI(j)(5).

Plaintiffs subsequently raised this fundamental issue in their appeal before the TRPA Board of Governors, both in their Statement of Appeal, filed on December 1, 2021, their follow up letter to the Board on March 22, 2022, and at the March 23, 2022 hearing.  Again, the argument fell on deaf ears.  The failure of the TRPA Board of Governors to address this critical issue in its March 23, 2022 decision to deny Plaintiffs' appeal was arbitrary and capricious, lacked evidentiary support, and failed to proceed in a manner required by law in violation of the Compact, Article VI(j)(5).  Accordingly, Plaintiffs seek a Declaratory Judgment from this Court finding that the CSLT Special Use Permit #19-026, 1360 Ski Run Boulevard, is null and void because Verizon failed to "utilize" said permit within one year of its issuance on January 14, 2020, and/or in the alternative is in continuing and flagrant violation of one of its essential conditions, ie. not to endanger a neighbor's property or his/her person.

## III.   ARGUMENT

**1.  The TAC does not challenge CSLT's issuance of either the small cell wireless facility special permit at Needle Peak Road or the special use permit for the monopine at 1360 Ski Run Boulevard so any 90-day statute of limitations is irrelevant.**

CSLT's characterization and understanding of the TAC and the claims asserted therein against CSLT are fundamentally flawed.  CSLT mistakenly believes the TAC challenges CSLT's *original issuance* of two special use permits for wireless communications facilities – (1) the August 2018 special use permit authorizing the "Needle Peak Road small cell facility"); and (2) the January 14, 2020 special use permit authorizing the 120 foot tall monopine cell tower to be located at 1360 Ski Run Boulevard, and as such, those challenges to the issuance of the two CSLT special use permits are barred by a 90 day statute of limitations that has long since passed.  CSLT Br. at 1; 3-8. But as stated in the Introduction above, the TAC does nothing of the sort.  It assumes *arguendo* that both CSLT permits were lawfully issued.  However, the TAC alleges

CSLT is liable to Plaintiff David Benedict under several causes of action for failing to enforce Condition 27 of the Needle Peak Road small cell facility special use permit which requires Verizon to operate said facility without detriment to neighboring properties.  TAC ¶ 106.  And the TAC requests the Court to issue a declaratory judgment finding that Verizon allowed the CSLT special use permit for the monopine at 1360 Ski Run Boulevard to expire because Verizon failed to "utilize" that permit within one year of issuance.  TAC ¶¶ Prayer for Relief 1.

Plainly, neither of these claims has anything to do with the original issuance of either permit.  The claims relating to David Benedict deal with Verizon's *misuse of the permit* during the operation of its small cell facility and the City's failure to take any enforcement action in response thereto.  With respect to the special use permit for the monopine, there's no cause of action seeking a remedy against CSLT, but rather, just the Court's declaration that the CSLT's special use permit expired due to Verizon's failure to utilize it timely.  Simply put, CSLT's 90-day statute of limitations argument is a red herring.

CSLT's reliance upon *Citizens for Beach Rights v. City of San Diego*, 217 Cal. Rptr. 3d 316 (Cal. Ct. App. 2017), is misplaced.  There, in 2006, the City of San Diego obtained a site development permit (SDP) to construct a new lifeguard station on Mission Beach.  The SDP stated that failure to utilize the permit within 36 months would automatically void the permit.  For the next 9 years, the City worked to secure a permit from the California Coastal Commission and to obtain funding for the project.  Because of the economic downturn, the City struggled to obtain financing for the project and didn't begin construction until 2015.  A group of residents opposed to the lifeguard station filed suit in August 2015, seeking to halt construction on the grounds that the SDP had expired.  *Id.* at 232.  The trial court granted an *ex parte* temporary restraining order, then a preliminary injunction following a hearing, and a permanent injunction following a bench

2

trial.  The trial court found that the SDP had expired and was void, and rejected the City's statute

of limitations and laches defenses.  *Id.* at 236.

3

4

The Court of Appeals overturned the trial court decision on statute of limitations grounds.

5

The appellate court found that the purpose of the Citizens' lawsuit was to stop construction by

6

challenging the City's decision in 2015 to find that the 2006 SDP remained valid which was

7

necessary for the City to issue the building permit.  Thus, any challenge to that decision had to be

8

made within 90 days of the April 20, 2015 issuance of that building permit.  *Id.* at 238.  In

9

*Citizens*, the question of the continued validity of the SDP arose in connection with the City's

10

issuance of the City building permit.  In the instant case, however, as noted above, the CSLT's

11

*issuance* of its special use permits are not being challenged.  With respect to the small cell facility

12

on Needle Peak Road, the issue is whether Verizon is operating the facility in violation of the

13

conditions of that permit.[2]  With respect to the Ski Run monopine, the issue is whether the CSLT

14

special use permit has expired, thereby precluding TRPA from granting Verizon TRPA's special

15

use permit until Verizon secures a valid special use permit from CSLT.  Simply put, no statute of

16

limitations issue regarding either of the two CSLT special use permits arises in this case.

17

Plaintiffs do not "attempt to artfully plead their causes of action to avoid a direct challenge to the

18

City's permit approvals," CSLT Br. at 5, because those City permit approvals are not at issue.

19

20

CSLT's citation of *Citizens for Beach Rights* is propitious, nonetheless, for illustrating

21

how the courts interpret the term "utilize" in connection with special use permits which have an

22

automatic built-in expiration date when they are not "utilized" to push forward the project for

23

24

25

26

27

28

---

[2] CSLT makes the utterly illogical argument that the nature of the relief requested – revocation of the permit or an order requiring Verizon to stop operating or modify the facility – demonstrates that Plaintiffs are attempting to challenge the City's *issuance* of the permit long after the statute of limitations has run.  CSLT Br. at 7.  To the contrary, the relief requested is needed to protect Mr. Benedict's life because of Verizon's misuse of the Needle Peak special use permit by operating its small cell facility in a manner which is grievously injuring Mr. Benedict on his property across the street and which therefore expressly violates the conditions of the permit to which Verizon agreed.

which they were issued.  Unfortunately, CSLT's special use permit does not define what actions are necessary for a permittee "to utilize" the permit within the one-year period following issuance to forestall the otherwise automatic expiration of the permit.  Nor does the CSLT city code.  Since the resolution of that issue is critically important in this case, this Court must look elsewhere for guidance, which *Citizens for Beach Rights* offers.  There, the Court found that the San Diego Municipal Code at the time the SDP was issued expressly set forth what actions must occur during the relevant period (there, 36 months) to initiate utilization of the permit, and if none of those actions occurred within those 36 months, the permit automatically became void.  The actions included: issuance of a construction permit for the entire project or a substantial portion regulated by the permit; compliance with terms of the permit, such as a phasing program or terms of an approved development agreement; evidence of substantial use in progress; and approval of a final map or parcel map.  The Court noted that "[a]t the time the SDP was issued and throughout this litigation, there was not a *written* policy concerning the definition of utilization contained in [the San Diego code section].  The City's policy, however, was to consider both the CIP process and 'pursuit of other regulatory approvals as utilization of a permit.'"  *Id.*, 17 Cal. App. 5th at 240-241.  Moreover, the SDP itself contained a number of conditions, including the requirement that construction, grading, or demolition must commence and be pursued in a diligent manner within 36 months after the effective date of final approval by the City.  *Id.* at 241.  These actions are all substantive, demonstrative acts of "utilization" of a permit that show actual progress towards achievement of the goal of the project.  These are the kinds of examples of "utilization" that Verizon utterly failed to make, as alleged in the TAC ¶¶ 75-87.

**2.  CSLT's *Res Judicata* argument is specious.**

Plaintiff Monica Eisenstecken is one of five individually named plaintiffs asserting claims in the TAC.  None of Eisenstecken's claims challenges *CSLT's* issuance of the special use permit

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

for the Ski Run monopine.  Nor, as noted before, does any other plaintiff.  Eisenstecken did file a complaint in Superior Court challenging CSLT's issuance of the special use permit for the Ski Run monopine, but later voluntarily dismissed that action with prejudice.  Now CSLT audaciously maintains that Eisenstecken's voluntary dismissal of her action challenging the CSLT's issuance of the special use permit for the monopine constitutes *res judicata* wiping out her claims and any other plaintiffs' claims concerning the entire Ski Run monopine project. CSLT Br. at 8-14.  CSLT premises its argument upon a sweepingly broad but legally incorrect assertion that "in the land use context, California courts have found that res judicata applies to bar a second lawsuit alleging different legal theories and remedies than the first lawsuit where the same project or permit approval is involved."  CSLT Br. at 9, *citing Fed. of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180 (Cal. Ct. App. 2004).  The court makes no such preposterously overreaching holding, finding only in that case that *res judicata* applied because in that fact and procedural specific case, the decision in the prior litigation involved the identical parties and was based on the city's alleged failure to comply with CEQA with respect to the same project, the same EIR, substantially the same findings, and the material facts had not changed. *Id.* at 1203-1204.

The key point, which unfortunately needs to be repeated *ad nauseum,* is that the TAC does not challenge the CSLT's issuance of the Ski Run monopine special use permit.  Eisenstecken's Superior Court complaint, which she later withdrew with prejudice, did challenge CSLT's issuance of the special use permit. The dismissal of her complaint with prejudice simply means that Eisenstecken herself cannot bring those same claims challenging CSLT's issuance of the Ski Run monopine special use permit.  And she hasn't.  Nor have any of the unrelated plaintiffs who

have joined together to bring the instant lawsuit.[3] Indeed, the only issue raised in this lawsuit with respect to the CSLT's Ski Run monopine special use permit is whether Verizon allowed it to expire for failure to "utilize" the permit within one year of issuance.  That issue, of course, didn't exist until January 14, 2021 at the earliest – one year and one day following CSLT's issuance of the permit.  Eisenstecken's belated filing of her state court complaint was made five months earlier – on August 20, 2020 – well short of full gestation of the claim.

Further, many of the causes of action in the TAC are not asserted against CSLT at all, but are directed against TRPA and/or Verizon.  *See* TAC Causes of Action 1, 2, 3, 4, 6, 7, 8 (against only TRPA); Counts 12, 13 (against only Verizon).  Moreover, most of the causes of action against CSLT are asserted by Plaintiff David Benedict and are unique to him.  Specifically, Mr. Benedict's claims against CSLT, TRPA, and Verizon regarding the Needle Peak small cell facility are not asserted by the other plaintiffs, and relate to the extremely serious injuries Mr. Benedict is suffering as a result of Verizon's bombardment of his property and his person with high levels of wireless radiation from its small cell facility directly across the street from his residence. *See* TAC Causes of Action 9, 10, and 11.[4]  CSLT's *res judicata* argument, with which

---

[3] CSLT contends Eisenstecken cannot avoid *res judicata* by naming additional parties in this lawsuit, CSLT Br. at 10, citing *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992).  But Eisenstecken is not seeking to avoid *res judicata*; that doctrine simply doesn't apply here.

[4] CSLT also argues that the plaintiffs other than Eisenstecken are barred by *res judicata* from asserting their claims because hers are barred and they are in "privity" with her.  CSLT Br. at 10.  This misguided argument fails fundamentally because no plaintiffs' claims are barred by *res judicata*, as explained above.  Moreover, the rather inchoate concept of "privity" which CSLT improperly seeks to invoke would fail even assuming *arguendo* that Eisenstecken's claims were somehow barred.  As CSLT notes, "[p]rivity requires the sharing of 'an identity or community of interest' with 'adequate representation of that interest in the first lawsuit,'" CSLT Br. at 11, citing *Roberson v. City of* Rialto, 226 Cal. App. 4th 1499, 1511 (2014).  Plaintiff Benedict's claims, for the most part, arise from Verizon's existing Needle Peak small cell facility.  Eisenstecken's now-dismissed state law claims only addressed the issuance of the CSLT special use permit for the Ski Run monopine.  Benedict's claims against CSLT with respect to the Needle Peak small cell facility have nothing to do with Eisenstecken's original state court claims.  Moreover, as *Roberson* holds, privity requires adequate representation of the shared interest in the first lawsuit.  Eisenstecken had to voluntarily dismiss her first lawsuit only because her attorney missed the statute of limitations deadline.  Her attorney's malpractice ended her first lawsuit before it could be tested on the merits.  Her attorney's malpractice is the very definition of inadequate representation and destroys privity.

it seeks to infect unrelated claims and plaintiffs, is simply another disingenuous red herring which this Court must ignore.

### 3.  The 10th and 11th causes of action don't seek monetary damages against CSLT.

Plaintiff Benedict asserts claims for nuisance (Cause of Action 10) and public nuisance (Cause of Action 11) because Verizon's continuous transmissions of high levels of wireless radiation from its Needle Peak small cell wireless facility onto Benedict's property directly across the street have contaminated his property, his house, and his person, seriously impeding his ability to recover his from multiple myeloma cancer, and greatly endangering his life.  Benedict seeks monetary damages from Verizon as compensation for his injuries, along with injunctive relief from this Court ordering Verizon to cease transmitting the harmful wireless radiation onto his property and person.  With respect to CSLT and TRPA, Benedict seeks injunctive relief from this Court ordering CSLT and TRPA to revoke their special use permits for the Needle Peak small cell facility unless Verizon ceases transmitting the harmful wireless radiation onto Benedict's property and person.  TAC ¶¶ 229-233; TAC Prayers for Relief 12, 17, 18.

### IV.    CONCLUSION

For the foregoing reasons, CSLT's motion to dismiss the TAC must be denied.

Dated: September 9, 2022

Respectfully submitted,

*/s/Julian Gresser*
Julian Gresser, Bar 50656
P.O.Box 30397
Santa Barbara, CA. 93130
805-563-3226
juliangresser77@gmail.com

*/s/Gregg R. Lien*
Gregg R. Lien Attorney at Law, Bar 69620
P.O. Box 7442
Tahoe City, CA 96145
530-583-8500

lakelaw@sierratahoe.net

*/s/Robert J. Berg*
Robert J. Berg, Esq.
Law Office of Robert J. Berg, PLLC
17 Black Birch Lane
Scarsdale, New York 10583
(914) 522-9455
robertbergesq@aol.com

Attorneys for Plaintiffs
MONICA EISENSTECKEN, TAHOE STEWARDS, LLC,
TAHOE FOR SAFE TECH, ENVIRONMENTAL HEALTH TRUST