JAMES A. HEARD, State Bar No. 114940
MARK L. MOSLEY, State Bar No. 136449
MELANIE SENGUPTA, State Bar No. 244615
MACKENZIE & ALBRITTON LLP
155 Sansome Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 288-4000
Facsimile: (415) 288-4010
Emails:     jheard@mallp.com
            mmosleyesq@gmail.com
            m.sengupta@mallp.com

Attorneys for Defendants SACRAMENTO-VALLEY LIMITED PARTNERSHIP, d/b/a VERIZON WIRELESS, and GUILLIAM NEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MONICA EISENSTECKEN, et al., | Case No. 2:20-cv-02349-TLN-CKD |
| Plaintiffs, | **DEFENDANTS' JOINT NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONS TO DISMISS** |
| vs. | The Honorable Troy L. Nunley |
| TAHOE REGIONAL PLANNING AGENCY, et al., | Submitted without hearing |
| Defendants. | |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants Tahoe Regional Planning Agency, Joanne Marchetta, Marsha Berkbigler, Sue Novasel, City of South Lake Tahoe, Sacramento-Valley Limited Partnership, d/b/a Verizon Wireless, and Guilliam Nel file this Notice of Supplemental Authority in support of their motions to dismiss the third amended complaint (ECF Nos. 63-65, 67, and 67-1). Attached hereto as Exhibit A is a copy of the recent unpublished decision in *Wolf v. City of Millbrae*, No. 21-16649 (9th Cir., Feb. 21, 2023) ("*Wolf II*"). In *Wolf II*, the Ninth Circuit affirmed the District Court decision in *Wolf v. City of Millbrae*, 2021 WL 3727072 (N.D. Cal. Aug. 23, 2021), which Verizon and Nel and the City cited in their motions to dismiss, with which TRPA joined. *Wolf II* is relevant to the issues whether plaintiffs have stated – or can amend to state – viable claims for relief under the Americans with Disabilities Act, the Fair Housing Act, and for private nuisance.

Dated: February 22, 2023                MACKENZIE & ALBRITTON LLP

/s/ James A. Heard
JAMES A. HEARD
Attorneys for Defendants
SACRAMENTO VALLEY LIMITED
PARTNERSHIP, d/b/a VERIZON WIRELESS
and GUILLIAM NEL

LEONARD LAW, PC

/s/ Debbie Leonard (as authorized on 2/22/23)
Debbie Leonard (Nev. Bar #8260)
Leonard Law, PC
955 South Virginia Street, Suite 220
Reno, Nevada 89502
(775) 964-4656
debbie@leonardlawpc.com

John L. Marshall (Nev. Bar. #6733)
General Counsel
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
jmarshall@trpa.org

| | |
|---|---|
| 1 | Attorneys for Defendants TAHOE REGIONAL |
| 2 | PLANNING AGENCY, MARSHA BERBIGLER, JOANNE MARCHETTA and SUE |
| 3 | NOVASEL |

s/ Heather Stroud (as authorized on  2/22/23)
HEATHER STROUD
City Attorney
CITY OF SOUTH LAKE TAHOE

**Exhibit A**
*Wolf v. City of Millbrae*, **No. 21-16649 (9th Cir., Feb. 21, 2023)**

Case: 21-16649, 02/21/2023, ID: 12656785, DktEntry: 76-1, Page 1 of 6
Case 2:20-cv-02349-DJC-CKD   Document 88   Filed 02/22/23   Page 5 of 10

(1 of 6)

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WOLF,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>CITY OF MILLBRAE, a government entity; et al.,<br><br>        Defendants-Appellees. | No.   21-16649<br><br>D.C. No. 4:21-cv-00967-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted February 16, 2023**
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Richard Wolf appeals from the district court's dismissal of various claims Wolf brought against the City of Millbrae ("the City"), the Millbrae Heights Homeowners Association ("HOA") and individual members of its board, and T-

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mobile USA, Inc. ("T-Mobile"), for failure to state a claim. As the parties are familiar with the facts of this case, we do not recite them here. We review de novo and may affirm on any basis supported by the record. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

    1. The district court properly dismissed Wolf's claims against the City of Millbrae for failing to provide a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA").[1] Title II of the ADA prohibits disability-based "discrimination in the provision of public services." *Barden v. City of Sacramento*, 292 F.3d 1073, 1077 (9th Cir. 2002). Wolf's complaint does not plausibly allege that the City's permit application approval process for wireless communications facilities is a City "output that [Wolf] *participates in or receives*." *Zimmerman v. Or. Dep't of Just.*, 170 F.3d 1169, 1176 (9th Cir. 1999); *cf. Hason v. Med. Bd.*, 279 F.3d 1167, 1172–73 (9th Cir. 2002) (by contrast, medical licensing constituted a public service to applicant for medical license). Because Wolf has not alleged that he was denied a reasonable accommodation that would allow him equal access to a public "service[], program[], or activit[y]," 42 U.S.C. § 12132, Wolf's Title II claim against the City was properly dismissed. *See Zimmerman*,

---

[1] Wolf does not raise any argument challenging the district court's dismissal of Wolf's ADA Title III claims against the HOA because "public accommodation" does not include residential housing complexes. Wolf has thus waived his ADA claim against the HOA on appeal. *See E.E.O.C. v. Peabody W. Coal Co.*, 773 F.3d 977, 990 (9th Cir. 2014).

170 F.3d at 1175–76.

Moreover, because the only connection alleged between the City and the cell site is the permit approval process, and Wolf concedes that the radiofrequency ("RF") emissions from the cell site are within Federal Communications Commission ("FCC") limits, Wolf seeks accommodations that are inconsistent with the Telecommunications Act of 1996 ("TCA").  *See* 47 U.S.C. § 332(c)(7)(B)(iv) ("No state or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilties comply with the Commission's regulations concerning such emissions.").  Where such direct conflict exists, we do not require the City to make the "Hobson's choice" of whether to violate the ADA or the TCA.  *See Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 681–82 (9th Cir. 2001).

2.  The district court properly dismissed Wolf's claims against the HOA, the City of Millbrae, and T-Mobile for failing to provide a reasonable accommodation in violation of the federal Fair Housing Act and California's Fair Employment and Equal Housing Act.  We affirm the district court's conclusion that Wolf failed to plead a fair housing violation because he failed to allege that the requested accommodation "may be necessary to afford [Wolf] equal opportunity to use and enjoy [his] dwelling." 42 U.S.C. § 3604(f)(3)(B); *see United States v. Cal. Mobile*

3

*Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997). Although the district court granted Wolf leave to amend these claims, Wolf chose not to do so and appealed instead.

    3. The district court properly dismissed Wolf's claims against the City of Millbrae and T-Mobile for violations of his fundamental rights to self-defense, personal security, and bodily integrity, brought pursuant to 42 U.S.C. § 1983. Wolf asserts that defendants' application of § 332(c)(7)(B)(iv) of the TCA to his detriment constitutes a substantive due process violation. It does not. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) ("[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992))).

    4. Wolf's private nuisance claims against T-Mobile, the HOA, and the individual defendants were properly dismissed because federal law preempted those claims. *See Cohen v. Apple Inc.*, 46 F.4th 1012, 1027 (9th Cir. 2022) ("[F]ederal law preempts state law . . . where 'the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."'" (quoting *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1179 (9th Cir. 2016))). Congress passed the TCA "[t]o promote competition and reduce regulation in order to secure lower prices and higher quality services for American

telecommunications consumers and encourage the rapid deployment of new telecommunications technologies." Telecommunications Act of 1996, Preamble, Pub. L. No. 104–404, 110 Stat. 56 (1996).  Permitting nuisance suits based on RF emissions within FCC limits would interfere with these goals.  *See* 47 U.S.C. § 332(c)(7)(B)(iv) (preventing local governments from regulating the siting and construction of cell sites based on effects of RF emissions where those emission levels are within FCC limits); *Cohen*, 46 F.4th at 1031 (finding that FCC regulations setting RF radiation limits "preempt state laws that impose liability premised on levels of radiation below the limits set by the FCC").

    5.  The district court properly dismissed Wolf's breach of fiduciary duty claims against the HOA and its board members.  Wolf alleges that the HOA and its board members breached their fiduciary duties to Wolf by concealing the precise location of T-Mobile's cell site, but that claim accrued when Wolf "discovered, or in the exercise of reasonable diligence could have discovered, that facts had been concealed." *Stalberg v. W. Title Ins. Co.*, 230 Cal. App. 3d 1223, 1230 (1991). Wolf's claim thus accrued when he learned the location of the cell site when it was installed in 2010 and is time-barred.  To the extent Wolf now argues that the HOA and its members breached a fiduciary duty to him by renewing the lease with T-Mobile in 2020, his complaint does not fairly raise a claim based on the lease renewal.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (pleading must

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).[2]

**AFFIRMED.**

---

[2] The California League of Cities' motion to become amicus curiae (Doc. 48) and the City of Millbrae's request to take judicial notice (Doc. 38) are **GRANTED**.