UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA EISENSTECKEN; TAHOE STEWARDS, LLC; DAVID BENEDICT; TAHOE FOR SAFER TECH; and ENVIRONMENTAL HEALTH TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>TAHOE REGIONAL PLANNING AGENCY; JOANNE MARCHETTA, in her official and individual capacities; MARSHA BERKBIGLER, in her official and individual capacities; SUE NOVASEL, in her official and representative capacities; GUILLIAM NEL; SACRAMENTO VALLEY LIMITED PARTNERSHIP dba VERIZON WIRELESS; CITY OF SOUTH LAKE TAHOE; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:20-cv-02349-DJC-CKD<br><br><u>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS</u> |

Defendants permitted and constructed wireless service facilities in the City of South Lake Tahoe. Plaintiffs allege that these facilities, though in compliance with federal regulations, produce unlawful radiofrequency emissions. Defendants argue all causes of action should be dismissed for failure to state a claim. The Court agrees, and while Plaintiffs cannot plausibly plead a violation of federal or state law, Plaintiffs are granted leave to amend their claims based in an interstate compact.

1

**BACKGROUND**

Monica Eisenstecken, David Benedict, Tahoe Stewards LLC, Tahoe for Safer Tech, and Environmental Health Trust (collectively, "Plaintiffs") brought suit against Tahoe Regional Planning Agency ("TRPA"), Joanne Marchetta, Marsha Berkbigler, Sue Novasel, Guilliam Nel, Sacramento Valley Limited Partnership dba Verizon Wireless ("Verizon"), and the City of South Lake Tahoe ("the City") (collectively, "Defendants"). Plaintiffs' Third Amended Complaint ("the Complaint") focuses on three events.  First, Defendants permitted and constructed a 112-foot-tall Verizon cell tower at 1360 Ski Run Boulevard on Nel's property (hereinafter, the "Ski Run Cell Tower Facility"). (Compl. ¶ 8, ECF No. 60.)  The cell tower is "monopine," meaning it has faux needles and branches so that it resembles a tree. (*Id.* ¶ 13.)  Second, Defendants permitted and constructed a Verizon small cell wireless facility containing three antennas in the vicinity of 3565 Needle Peak Road (hereinafter, the "2018 Small Cell Facility"). (*Id.* ¶ 94.)  Third, Nel received a permit from TRPA to cut down 31 trees on his land after the City's fire inspector determined that the trees presented a fire hazard (hereinafter, the "Tree Removal Permit"). (*Id.* ¶¶ 21, 88.)  Plaintiffs allege that Defendants violated federal and state law by issuing these permits and/or refusing to revoke them. Moreover, Plaintiffs plead that TRPA violated the Tahoe Regional Planning Compact ("the Compact"), as well as its regional plan and ordinances. (*Id.* ¶¶ 51, 60–61.)

In their Complaint, Plaintiffs bring thirteen claims alleging violations of the Compact, conflicts of interest, failure to provide a reasonable accommodation, violations of federal and state clean water laws, nuisance, assault, and battery. (*Id.* ¶¶ 126–264.)  The crux of Plaintiffs' allegations concerns radiofrequency ("RF") and radiofrequency radiation ("RFR") exposure from the Ski Run Cell Tower Facility and the 2018 Small Cell Facility. (*See e.g., id.* ¶¶ 28, 45, 54, 94.)

For the reasons outlined below, Defendants now bring three motions to dismiss

1   all causes of action for failure to state a claim.¹ (*See* City Mot., ECF No. 63; TRPA Mot.,
2   ECF No. 64; Verizon Mot., ECF No. 67.)  The matters are fully briefed and were
3   submitted without oral argument pursuant to Local Rule 230(g).² (ECF No. 91.)
4   Plaintiffs moved for leave to file a surreply.  (Motion for Leave to File a Surreply, ECF
5   No. 79.)  Leave to file a surreply is discretionary but should only be granted "where a
6   valid reason for such additional briefing exists, such as where the movant raises new
7   arguments in its reply brief."  *Hill v. England*, No. CVF05869RECTAG, 2005 WL
8   3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondora*, 700 F. App'x
9   661, 664 (9th Cir. 2017).  Plaintiffs request leave because they want to address
10  Verizon's new arguments concerning the Ninth Circuit's decision in *Cohen v. Apple*,
11  46 F.4th 1012 (9th Cir. 2022).  A surreply is unnecessary because, as Plaintiffs
12  concede, they already addressed *Cohen* in their opposition.  (*See* Opp'n to Verizon at
13  14, ECF No. 71; Motion for Leave at 2.)  The Court is well-equipped to interpret *Cohen*
14  and the parties' respective arguments without the submission of a surreply.
15  Accordingly, Plaintiffs' Motion for Leave to File a Surreply (ECF No. 79) is denied.

## LEGAL STANDARD

17  A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to
18  state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a
19  motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter,
20  accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*
21  *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  Plausibility
22  requires "factual content that allows the court to draw the reasonable inference that

---

¹ At the end of its motion, Verizon argues the Complaint should also be dismissed for violation of Federal Rule of Civil Procedure 8.  (Verizon Mot. at 24–26.)  This Rule "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The Court holds that the Complaint adequately gives notice to Defendants of the claims and "the grounds upon which it rests."  *See id.*

² The parties also submitted requests for judicial notice.  (*See* ECF Nos. 63-1, 66, 73, 77, and 83.)  Because these documents are matters of public record, and the requests are unopposed, the Court grants these requests in their entirety.

3

the defendant is liable for the misconduct alleged." *Id.* While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Conclusory allegations are not to be considered in the plausibility analysis. *Id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

A court granting a motion to dismiss a claim must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the *Foman* factors as those to be considered when deciding whether to grant leave to amend). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

**DISCUSSION**

The Court addresses the following issues: (1) jurisdiction; (2) res judicata; (3) federal preemption; (4) TRPA's alleged violations of the Compact; (5) TRPA's alleged conflicts of interest; (6) Defendants' alleged violations of federal and state clean water laws; (7) public nuisance based on the Tree Cutting Permit; and (8) the alleged expiration of Verizon's permit for the Ski Run Cell Tower Facility.

**I.    Jurisdiction**

  **A. Subject Matter Jurisdiction**

As an initial matter, TRPA argues that the Court lacks subject matter jurisdiction over some of Plaintiffs' claims as they relate to TRPA because no plaintiff is an

"aggrieved person" under the Compact.  (TRPA Mot. at 8.)  The Compact provides, "Any aggrieved person may file an action in an appropriate court of the States of California or Nevada or of the United States alleging noncompliance with the provisions of this compact or with an ordinance or regulation of the agency."  Art. VI(j)(3).  The Compact defines "aggrieved person" as "any person who has appeared, either in person, through an authorized representative, or in writing, before the agency at an appropriate administrative hearing to register objection to the action which is being challenged, or who had good cause for not making such an appearance."  *Id*.  The Ninth Circuit held that this requirement was satisfied where a plaintiff "attended the public hearing on the cell tower proposal and gave public comment, as well as appealed the resultant decision to the TRPA Board of Directors." *Garmong v. Tahoe Reg'l Plan. Agency*, 806 F. App'x 568, 571 (9th Cir. 2020) (unpublished).

Regarding the Ski Run Cell Tower Facility, Plaintiffs are "aggrieved persons" because they objected to the Facility at a TRPA hearing on October 14, 2021.  (Compl. ¶ 85.)  Regarding the Tree Removal Permit, Eisenstecken is an "aggrieved person" because she objected to the Tree Removal Permit at a TRPA hearing on September 30, 2020.  (*Id*. ¶ 90.)  However, no plaintiff is an "aggrieved person" for purposes of the 2018 Small Cell Facility.  Plaintiffs do not allege that they attended a hearing TPRA held regarding the proposed permitting for the 2018 Small Cell Facility.  Nor do they argue that they had good cause not to appear at a hearing.  Instead, Plaintiffs plead that, on May 4, 2021, Plaintiffs' counsel (acting on behalf of Benedict) sent a letter to TRPA requesting a reasonable accommodation regarding the 2018 Small Cell Facility, and that TRPA responded that it lacked the authority "to require Verizon to move or turn off the power to the" Facility.  (*Id*. ¶¶ 98, 102.)  Because this letter was not before a TRPA hearing, and because Plaintiffs have not shown good cause for why they were not able to appear before a hearing,  no plaintiff is an "aggrieved person" for purposes of the 2018 Small Cell Facility.

5

Based on the factual allegations in the Complaint, all Plaintiffs are "aggrieved persons" for purposes of the Ski Run Cell Tower Facility, only Eisenstecken is an "aggrieved person" for purposes of the Tree Removal Permit, and no Plaintiff is an "aggrieved person" for purposes of the 2018 Small Cell Facility.  Accordingly, the Court dismisses the Tenth and Eleventh Causes of Action with respect to TPRA.[3]

TRPA also argues that Eisenstecken's challenge to the Tree Removal Permit is moot because the trees have already been removed.  (TRPA Mot. at 9.)  However, because Eisenstecken could still receive damages based on a public nuisance claim regarding the removal of the trees, the Court holds that this matter is still a live controversy.  (*See* Compl., Prayer for Relief ¶¶ 17–18.)

**B. Personal Jurisdiction**

TRPA argues that the Court does not have personal jurisdiction over Berkbigler.[4]  (TRPA Mot. at 17.)  In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that an exercise of jurisdiction is proper. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  "[I]n the absence of an evidentiary hearing," a plaintiff "need only make a *prima facie* showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal citation omitted). When examining whether there is a *prima facie* showing of jurisdictional facts, any "uncontroverted allegations in [the complaint] must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotations and citations omitted); *see also Sher*, 911 F.2d at 1361 (accepting plaintiff's allegations as true).

---

[3] Given that the Court dismisses these claims on the merits as to the remaining defendants, amendment would be futile.  *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056.

[4] Plaintiffs do not oppose TRPA's argument.  Though the Court may construe Plaintiffs' failure to oppose as a non-opposition to the argument, it declines to do so and instead chooses to analyze the issue on the merits.  *See* L.R. 230(c); *California Parents for Equalization of Educ. Materials v. Noonan*, 600 F. Supp. 2d 1088, 1115 (E.D. Cal. 2009); *Hall v. Mortg. Invs. Grp.*, No. 2:11-CV-00952-JAM, 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011).

The Ninth Circuit utilizes "a three-part test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable."

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citation omitted).

In the Complaint, Plaintiffs allege that the TRPA issues permits for the construction and operation of wireless communications infrastructure. (Compl. ¶ 16.) Plaintiffs further allege that Berkbigler served as a member of the TRPA Governing Board from 2013 to 2021, where she made decisions regarding the permitting of wireless facilities in the Lake Tahoe region, which includes California. (*Id*. ¶ 36.) Accepting these uncontroverted allegations as true, Berkbigler purposefully directed her TRPA activities with the forum state of California and purposefully availed herself of the privilege of conducting activities in California, and Plaintiffs' claims arise out of her TRPA activities. *See Picot*, 780 F.3d at 1211. Moreover, the exercise of jurisdiction comports with fair play and substantial justice because the Compact contemplated this exercise of jurisdiction when it expressly allowed for individuals to commence legal action against TRPA in California. *See id.*; Art. VI(j)(3). Accordingly, Plaintiffs have met their burden of showing a *prima facie* case of personal jurisdiction.

## II. Res Judicata

The City argues that Plaintiffs' claims against it and Verizon regarding the Ski Run Cell Tower Facility are barred by res judicata. (City Mot. at 8–15.) "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters, Inc. v. U.S. Forest*

7

*Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (internal quotations omitted).  To determine whether res judicata applies, "the key issue is whether the same cause of action is involved in both suits.  California law approaches the issue by focusing on the 'primary right' at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).  The scope of the primary right depends on the plaintiff's definition of their injury, which "is defined in part by reference to the set of facts, or transaction, from which the injury arose." *Fed'n of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202–03 (2004).

Previously, Eisenstecken sought to invalidate the City's approval of the special use permit for the Ski Run Cell Tower Facility.  (Request for Judicial Notice, Ex. A, ECF No. 63-1.)  She brought suit against the City and Verizon.  (*Id.*)  Her complaint contained three causes of action: (1) a writ of mandate directing the City Council to revoke its approval in a resolution of the Ski Run Cell Tower Facility; (2) a writ of mandate directing the City Council to revoke its approval of the special use permit for the Ski Run Cell Tower Facility; and (3) a writ of mandate directing the City Council to vacate the denial of Eisenstecken's appeal regarding the special use permit for the Ski Run Cell Tower Facility.  (*Id.*)  Eisenstecken primarily based her complaint on aesthetic concerns about the construction of the Ski Run Cell Tower Facility, as well as an alleged conflict of interest regarding a member of the City Council.  (*Id.*)  Her petition was subsequently dismissed with prejudice.  (*Id.* Ex. D.)

The Court concludes that the Fifth, Ninth, and Tenth Causes of Action are not barred by res judicata.[5]  The Fifth Cause of Action involves a distinct injury from that alleged in Eisenstecken's state petition.  Eisenstecken is not rehashing her allegations that the Ski Run Cell Tower Facility is aesthetically unpleasant.  (*See* Request for Judicial Notice, Ex. A, ECF No. 63-1.)  Rather, she now alleges that it discharges

---

[5] The City originally stated that the Eighth Cause of Action should be barred but has since retracted that argument because Plaintiffs clarified that this claim is only against TRPA.  (City Reply at 7, ECF No. 75.)

hazardous waste that harms her. Nowhere in her state petition did Eisenstecken even mention the environmental impacts of the Ski Run Cell Tower Facility. Her present injury is thus definitionally different from that alleged in her state petition, which means this claim does not concern the same primary right. *See Fed'n of Hillside & Canyon Assns.*, 126 Cal. App. 4th at 1203.

Similarly, the Ninth Cause of Action concerns Eisenstecken's alleged disability and the harms of RF emissions. That injury is also distinct from the aesthetic concerns alleged in Eisenstecken's state petition, and nowhere in the state petition did she allege that she was harmed by emissions. Eisenstecken's claims here are not "different theories of recovery" for her prior cause of action but rather bring new claims for new facts that were not at stake in her prior suit. *See Eichman*, 147 Cal. App. 3d at 1174; *Fed'n of Hillside & Canyon Assns.*, 126 Cal. App. 4th at 1203.

Finally, the Tenth Cause of Action does not even involve the same facility as the state petition. While Eisenstecken challenged the Ski Run Cell Tower Facility in her state suit, she now claims that the 2018 Small Cell Facility is the basis of a public nuisance. Eisenstecken did not previously allege any harm from the 2018 Small Cell Facility: in fact, she did not mention this facility in her state petition. This claim is thus far removed from involving the same injury.

Accordingly, none of these causes of action are the same as those involved in the state petition because they do not focus on the same primary right, as defined by the facts surrounding Eisenstecken's injuries. As such, no claim is barred by res judicata.

### III. Federal Preemption

Plaintiffs bring state law tort claims for public nuisance, private nuisance, assault, and battery, as well as a federal claim under the Americans with Disabilities Act ("ADA") and the Fair Housing Amendments Act ("FHAA").[6] Verizon argues that

---

[6] As the City points out, Plaintiffs' FHAA claim is frivolous because this matter did not involve a sale or rental of a dwelling, which is required to state a claim under the FHAA. (City's Mot. at 20 (citing

9

these claims are preempted by the 1996 Telecommunications Act ("TCA") or the Federal Communications Commission ("FCC"), which was created by the Communications Act of 1934 ("1934 Act").  (Verizon Mot. at 7–10.)  There are "three types of preemption: express preemption, field preemption, and conflict preemption.  Express preemption arises when the text of a federal statute explicitly manifests Congress's intent to displace state law.  Field preemption is when Congress takes exclusive control over a particular issue.  Conflict preemption arises when state law conflicts with federal law, such that it is impossible for a private party to comply with both state and federal law."  *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031–32 (9th Cir. 2024) (cleaned up).  The Court concludes that Plaintiffs' state law tort and ADA claims are barred by express preemption and conflict preemption.

**A.  Express Preemption**

The FCC regulates wireless communication devices and infrastructure.  It requires that licensees and manufacturers of wireless communication facilities comply with the radio frequency radiation exposure provisions for limiting unwanted emissions.  *See* 47 C.F.R. § 27.52.  The provision imposing technical standards states: "Licensees and manufacturers are subject to the radio frequency radiation exposure requirements specified in sections 1.1307(b), 2.1091, and 2.1093 of this chapter, as appropriate."  *Id*.  This provision requires operators and manufacturers of the subject equipment to follow the criteria identified in section 1.1310, which includes Table 1 that is used to evaluate the environmental impact of human health exposure.  47 C.F.R. § 1.1310. Table 1 of section 1.1310 identifies limits for maximum permissible exposure, which are based on criteria published by the American National Standards Institute.  *Id*.

Congress expressly preempted state law regarding the regulation of RF

---

*Salisbury v. City of Santa Monica*, 998 F.3d 852, 858–59 (9th Cir. 2021)).)  The Court thus analyzes Plaintiffs' claim for failure to provide a reasonable accommodation under the ADA only and dismisses the claim under the FHAA for failure to state a claim.

emissions from wireless facilities on the basis of environmental or health risks. The TCA states that "[n]o State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C. § 332(c)(7)(B)(iv) ("Section 332"). "Personal wireless service facilities" are defined as "facilities for the provision of personal wireless services," § 332(c)(7)(C)(ii), and "personal wireless services" are in turn defined as "commercial mobile services, unlicensed wireless services, and common carrier wireless exchange access services," § 332(c)(7)(C)(i). There is no provided definition of "environmental effects" in the statute. While the Ninth Circuit has not addressed this provision, the Second Circuit held that it was reasonable for the FCC to interpret this term as "perceived health risks." *Cellular Phone Taskforce v. F.C.C.*, 205 F.3d 82, 88 (2d Cir. 2000) (affirming the FCC's interpretation of Section 332 as prohibiting "state and local governments from regulating any personal wireless service facilities based upon perceived health risks posed by RF emissions as long as the facilities conformed to the FCC Guidelines regarding such emissions").

Here, the Ski Run Cell Tower Facility and 2018 Small Cell Battery are facilities for the provision of commercial mobile services and therefore are "personal wireless service facilities." *See* § 332(c)(7)(C). Accordingly, they fall under the FCC's regulation, which means no state law can restrict the "placement, construction, or modification" of these facilities on the basis of health concerns from RF emissions. *See* § 332(c)(7)(B)(iv). Plaintiffs do not allege that the facilities fail to conform with FCC guidelines. As such, they cannot bring claims that these emissions violate state law.

But that is precisely what Plaintiffs have done here, as their state law tort claims are all based on RF emissions that comply with FCC guidelines, and therefore they must be dismissed. Plaintiffs allege that the RF emissions are the basis of a public nuisance because the emissions travel onto Benedict's property. (Compl. ¶¶ 224–29.)

11

They base their private nuisance claim on RF and RFR emissions that reach Benedict's property. (*Id.* ¶¶ 238-43.) The crux of Benedict's assault claim is that Verizon transmits these emissions onto his property and body. (*Id.* ¶¶ 250-53.) Likewise, Benedict's claim of trespass is based on the flow of RF and RFR emissions onto his property. (*Id.* ¶ 260.)

Similarly, the Ninth Cause of Action alleges that the City, Verizon, and the TRPA violated the ADA by not providing Benedict and Eisenstecken's requested accommodation of moving the 2018 Small Cell Facility from its current location. (Compl. ¶ 212.) This requested accommodation would require Defendants to violate Section 332 because they would, in effect, be moving the 2018 Small Cell Facility on the basis of perceived health risks from RF emissions. Plaintiffs' ADA claim is therefore expressly preempted.

Because the text of Section 332 "explicitly manifests Congress's intent to displace state law," Plaintiffs' state law tort and ADA claims must be dismissed under the doctrine of express preemption. *See Assurance Wireless USA, L.P.*, 100 F.4th at 1032.

**B. Conflict Preemption**

Plaintiffs' state law tort claims must also be dismissed under the doctrine of conflict preemption. In *Cohen*, the Ninth Circuit considered the conflict between state law and the FCC's regulation of cell phones, which the FCC regulates in a manner similar to the facilities at issue here. *See* 47 C.F.R. § 27.52. The court held, "The 1934 Act authorizes the FCC to balance the overlapping and potentially competing factors in setting safe and uniform limits for RF radiation from cell phones. Allowing state tort law to prescribe lower levels of RF radiation than the levels prescribed by the FCC would interfere with the nationwide uniformity of regulation that is the aim of the Act, and would render the FCC's statutorily mandated balancing essentially meaningless. If state law were allowed to prescribe such levels, it would 'stand[ ] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"

*Cohen*, 46 F.4th at 1030–31 (citation omitted). The court continued, "We therefore hold that the FCC's regulations under the 1934 Act, setting upper limits on the levels of permitted RF radiation, preempt state laws that impose liability premised on levels of radiation below the limits set by the FCC." *Id.* at 1031.

Here, Plaintiffs seek injunctive relief of moving the 2018 Small Cell Facility and the Ski Run Cell Tower Facility. (Compl., Prayer for Relief ¶¶ 12–13.) Even if Plaintiffs failed in obtaining injunctive relief, were Plaintiffs to prevail on their claims and receive damages, California state tort law would, in effect, "prescribe lower levels of RF radiation than the levels prescribed by the FCC" because Defendants would be punished for wireless service facilities that comply with FCC regulations. *See Cohen*, 46 F.4th at 1030–31. As such, California law "would interfere with the nationwide uniformity of regulation that is the aim of the Act, and would render the FCC's statutorily mandated balancing essentially meaningless." *Id.* at 1031. Because Plaintiffs' state law claims would "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," they must be dismissed as preempted. *See Cohen*, 46 F.4th at 1031.

Accordingly, the Ninth, Tenth[7], Eleventh, Twelfth, and Thirteenth Causes of Action are dismissed as to all Defendants. These claims are dismissed with prejudice because they cannot be saved by amendment. *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056.

## IV.   TRPA's Alleged Violations of the Compact

The First, Second, Third, Fourth, Sixth, and Seventh Causes of Action allege that TRPA violated the Compact by granting the permits. TRPA argues that Plaintiffs did not comply with the statute of limitations and that Plaintiffs fail to plead a specific action. (TRPA Mot. at 10–12, 14.) The Court addresses these issues in turn.

### A.  Statute of Limitations

---

[7] To the extent that the Tenth Cause of Action is based on the Tree Removal Permit, it is not preempted and thus is analyzed separately. *See infra* Discussion Part VII.

13

The Compact provides, "A legal action arising out of the adoption or amendment of the regional plan or of any ordinance or regulation of the agency, or out of the granting or denial of any permit, shall be commenced within 60 days after final action by the agency." Art. VI(j)(4). TRPA agrees that Plaintiffs satisfied this requirement regarding the Ski Run Cell Tower Facility and the Tree Removal Permit. (TRPA Mot. at 12.) However, it argues that Plaintiffs did not satisfy the statute of limitations as to the 2018 Small Cell Facility. (*Id.*)

TRPA issued the permit for the 2018 Small Cell Facility on August 8, 2018. (Request for Judicial Notice, ECF No. 66-6.) Plaintiffs did not commence this legal action until November 24, 2020, (ECF No. 1.) Because Plaintiffs did not commence legal action until more than 60 days after the TRPA issued the 2018 Small Cell Facility permit, they did not satisfy the statute of limitations. *See* Art. VI(j)(4). Plaintiffs have not alleged any facts that would toll or otherwise excuse their failure to comply with the statute of limitations. Accordingly, Plaintiffs cannot bring a claim based on the 2018 Small Cell Facility, although the Court will grant leave to amend.

**B. Specific Action**

Under the Compact, a party can bring legal action alleging "a violation of the provisions of this compact, of the regional plan or of an ordinance or regulation of the agency or of a permit or a condition of a permit issued by the agency." Art. VI(j). In determining the appropriate standard of review, the Court looks to the Compact itself, not the Administrative Procedures Act. *Sierra Club v. Tahoe Reg'l Plan. Agency*, 840 F.3d 1106, 1114 (9th Cir. 2016) ("Since TRPA is not a federal agency, the Compact, and not the [APA], provides the applicable standard of review of TRPA actions."). The Compact in turn provides:

> "In any legal action filed pursuant to this subdivision which challenges an adjudicatory act or decision of the agency to approve or disapprove a project, the scope of judicial inquiry shall extend only to whether there was prejudicial abuse of discretion. Prejudicial abuse of discretion is established if the agency has not proceeded in a manner required by law

14

or if the act or decision of the agency was not supported by substantial evidence in light of the whole record. In making such a determination the court shall not exercise its independent judgment on evidence but shall only determine whether the act or decision was supported by substantial evidence in light of the whole record. In any legal action filed pursuant to this subdivision which challenges a legislative act or decision of the agency (such as the adoption of the regional plan and the enactment of implementing ordinances), the scope of the judicial inquiry shall extend only to the questions of whether the act or decision has been arbitrary, capricious or lacking substantial evidentiary support or whether the agency has failed to proceed in a manner required by law."

Art. VI(j)(5).

As TRPA points out, Plaintiffs fail to identify "an act or decision" that is allegedly in violation of the Compact, TRPA regional plan, or TRPA ordinances. Plaintiffs even summarize their "main concerns" as "challenges to TRPA's continuing and massive disregard of the core policies and regulations in the Compact, Regional Plan, and Code of Ordinances." (Opp'n to TRPA at 15, ECF No. 70.) The closest allegation Plaintiffs plead is that TRPA did not complete an environmental impact and risk assessment pursuant to Article VII. (Compl. ¶ 140.) This Article states that the TRPA must prepare an environmental impact statement only "when acting upon matters that have a *significant* effect on the environment." Art. VII(a) (emphasis added). Plaintiffs do not plead factual allegations showing that the Ski Run Cell Tower Facility constituted a "significant effect" such that TRPA had to prepare an environmental impact statement, and thus they fail to state claim for a specific violation of the Compact, TRPA regional plan, or TRPA ordinances.

Accordingly, Plaintiffs have failed to meet the applicable legal standard, and the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action must be dismissed. Though this action is over four years old and Plaintiffs have amended their complaint three times, they have not yet had the benefit of an order upon a motion to dismiss.[8] This claim could be saved by plausible allegations that TRPA violated a

---

[8] Plaintiffs filed their First Amended Complaint as a matter of right before Defendants answered the original complaint. (ECF No. 5.) While the parties had briefed motions to dismiss regarding Plaintiffs'

15

specific provision in the Compact, its regional plan, or its ordinances. *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056. Accordingly, leave to amend is granted.

## V. TRPA's Alleged Conflicts of Interest

The Eighth Cause of Action alleges that TRPA officers and directors had undisclosed conflicts of interest, and that TRPA violated California's open meeting laws. TRPA argues that the state law claim is preempted and that Plaintiffs fail to plead a violation of the Compact. (TRPA Mot. at 12–13, 22–24.) The Court addresses these issues in turn.

### A. Federal Preemption

The Ninth Circuit held, "By consenting to the Compact, Congress transformed the contract between the two states into federal law. Although the TRPA must be considered an agency of the contracting states, it operates under the aegis of federal law." *Jacobson v. Tahoe Reg'l Plan. Agency*, 566 F.2d 1353, 1358 (9th Cir. 1977), *reversed in part on other grounds* by *Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391 (1979) (citation omitted). The Ninth Circuit went on to conclude that as a result, "causes of action based on the state constitutional provisions must fail because the Compact, as federal law, preempts state law." *Id*. So too does the Compact preempt California's open meetings laws. Accordingly, the state law claim in the Eighth Cause of Action must be dismissed. And because this defect cannot be cured, the Court does not grant leave to amend.

### B. Compact

In addition to a state law cause of action, Plaintiffs allege a violation of the Compact itself. Plaintiffs point to a provision in the Compact that provides employees must disclose "economic interests," which are defined as business investments worth more than $1000, real property worth more than $1000, any source of income worth

---

First Amended Complaint when Plaintiffs sought leave to amend, the Court denied those motions as moot and allowed Plaintiffs to file their Second Amended Complaint. (ECF No. 47.) Later, the parties stipulated to Plaintiffs filing their Third Amended Complaint. (ECF No. 59.)

more than $250 within the preceding 12 months, and any business entity in which the employee is a director, officer, partner, trustee, employee, or holds a position of management.  Art. III(a)(5).

Plaintiffs plead that Defendants had an economic interest in keeping their jobs at TRPA, *see* Compl. ¶ 198, but the Compact states that board members "serve without compensation."  Art. III(b).  Moreover, Defendants were board members of the Tahoe Prosperity Center ("TPC"), which Plaintiffs plead is a 501(c)(3) not-for-profit organization committed to bringing the "highest levels of broadband and cellular service to the Tahoe Region."  (Compl. ¶¶ 184–85.)   Plaintiffs do not plead that Defendants received income from serving on TPC's board, nor do they allege–or argue in their briefing–it is a "business entity" for purposes of Article III(a)(5).  Accordingly, Plaintiffs fail to state a claim under the Compact.  As with above, *see supra* Discussion Part IV, leave to amend is granted because Plaintiffs could save this claim by pleading a specific violation of the Compact.  *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056.

## VI.   Alleged Violations of Federal and State Clean Water Laws

The Fifth Cause of Action alleges that the City, TRPA, and Verizon violated federal and state law by allowing discharge of monopine waste.[9]  Plaintiffs invoke California Water Code Sections 13050 and 13260, both of which fall under Division 7 of the Water Code. (Compl. ¶¶ 165–66.)  Section 13361 of the Water Code states that every civil action brought under the provisions of Division 7 "shall be brought by the Attorney General in the name of the people of the State of California."  Cal. Water Code § 13361.  Accordingly, because Plaintiffs cannot bring claims for violations of these sections of the Water Code, this claim must be dismissed.[10]

---

[9] Though Plaintiffs caption the Fifth Cause of Action as only relating to federal and state laws, they also plead that the TRPA violated the Compact  (Compl. ¶ 166.)  To the extent that Plaintiffs intended to plead such a violation, the Court already addressed it above.  *See supra* Discussion Part IV.

[10] Unlike all other state law claims in this action, Defendants do not argue that this cause of action is preempted.  Because this claim cannot be brought by Plaintiffs regardless, the Court does not address

17

Under the federal Clean Water Act, where, as here, a private citizen brings a claim, no civil action may be filed until 60 days after the date on which the citizen provides notice of the alleged violation to the EPA, the relevant state environmental agency, and the alleged violator(s).  33 U.S.C. § 1365(b).  The Ninth Circuit held that this "requirement is jurisdictional; when a party fails to give notice, the court must dismiss the claim."  *Tan Phu Cuong Inv. LLC v. King Cty.*, 831 F. App'x. 235, 238 (9th Cir. 2020) (citation omitted).  Plaintiffs do not allege that they complied with the notice requirement.  Indeed, nowhere in the Complaint do Plaintiffs mention any communication with the EPA or relevant state environmental agency.  Plaintiffs also fail to respond to Verizon's argument that they must plead compliance with the statute.  *See* Verizon's Mot. at 14.  The Court construes Plaintiffs' failure to oppose Verizon's argument as a non-opposition to the argument.  *See* L.R. 230(c); *California Parents for Equalization of Educ. Materials v. Noonan*, 600 F. Supp. 2d 1088, 1115 (E.D. Cal. 2009); *Hall v. Mortg. Invs. Grp.*, No. 2:11-CV-00952-JAM, 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011).  The Court therefore is without jurisdiction to hear any claim under the Clean Water Act.

Accordingly, the Fifth Cause of Action is dismissed as to all Defendants.  Leave to amend is not granted because this claim cannot be saved by amendment, as Plaintiffs have provided no indication to the Court – in their pleadings or briefing – that they complied with the notice requirement.  *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056.

**VII.   Public Nuisance Based on the Tree Cutting Permit**

Plaintiffs only name Nel in the Tenth Cause of Action, which addresses the 2018 Small Cell Facility and Ski Run Cell Tower Facility.  Nel allowed Verizon to build and operate the Ski Run Cell Tower Facility on his land, so Plaintiffs seemingly named him because of this connection. (Compl. ¶ 46.)  However, Plaintiffs elsewhere allege that

---

this question, which was not raised by any party.

Nel obtained a permit to cut down 31 trees on his land. (*Id.* ¶ 88.) Plaintiffs plead that the removal of trees hurt them because the trees "afforded some margin of protection against" RF emissions, and that it further "destroyed Eisenstecken's scenic view and reduced the value" of Benedict's property. (*Id.*) To the extent that Plaintiffs seek a public nuisance claim on this basis, the Court concludes such claim must be dismissed.

Plaintiffs allege that Nel obtained the permit after "the City of South Lake Tahoe fire inspector had ordered [him] to cut down the trees because the inspector determined they presented a fire hazard in this wildfire-susceptible zone." (Compl. ¶ 21.) Under California law, "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Cal. Civ. Code § 3482. Courts have construed this statute to include work that is authorized by a permit. *Pub. Watchdogs v. S. California Edison Co.*, No. 19-CV-1635 JLS (MSB), 2019 WL 6497886, at *17 (S.D. Cal. Dec. 3, 2019), *aff'd*, 984 F.3d 744 (9th Cir. 2020) (collecting cases). Because Nel was acting under the authority of a governmental permit, his conduct cannot form the basis for a nuisance claim.

Accordingly, the Tenth Cause of Action, to the extent it is based on the Tree Removal Permit, is dismissed, without leave to amend as the claim cannot be saved by amendment. *See Intri-Plex Techs., Inc.*, 499 F.3d at 1056.

**VIII. Verizon's Permit for the Ski Run Cell Tower Facility**

Plaintiffs seek declaratory relief declaring that the City's permit for Verizon to construct the Ski Run Cell Tower Facility expired. (Compl., Prayer for Relief ¶ 1.) Plaintiffs argue that the permit expired before Verizon took any substantive steps to utilize it. (Opp'n to Verizon at 5.) However, Plaintiffs' own allegations contradict this argument. Plaintiffs plead that after obtaining the permit from the City, Verizon's "next step procedurally would have been to move forward with its application for a necessary permit from TRPA." (Compl. ¶ 79.) Plaintiffs further allege that Verizon emailed a copy of the City permit to TRPA within the one-year period. (*Id.* ¶ 85.) This

1  email constituted Verizon moving forward with its application for a TRPA permit.
2  Indeed, in its email, Verizon asked TRPA when it could be heard to obtain a permit.
3  (Request for Judicial Notice, ECF No. 66-13.)[11]  Moreover, the City determined that
4  Verizon utilized the City permit by applying for a TRPA permit.  (*Id.* ECF No. 66-14.)
5  Accordingly, Plaintiffs cannot plausibly state that the City permit expired.

## CONCLUSION

For the reasons set forth above, the Court holds that Plaintiffs fail to state a plausible claim.  Accordingly, the City's Motion to Dismiss (ECF No. 63), TRPA's Motion to Dismiss (ECF No. 64), and Verizon's Motion to Dismiss (ECF No. 67) are GRANTED.

Leave is granted only as to the First, Second, Third, Fourth, Sixth, Seventh, and Eighth Causes of Action.  Specifically, Plaintiffs may amend their allegations that TRPA violated the Compact, its regional plan, or its ordinances when it took action as to the Ski Run Cell Tower Facility or the Tree Removal Permit.  Plaintiffs are permitted to bring these claims only against TRPA, Marchetta, Berkbigler, and Novasel.  Plaintiffs may not include any other claims or theories of recovery without prior authorization of this Court.

If Plaintiffs elect to file an Amended Complaint, they must do so within twenty (20) days of this Order.  Defendants shall file their response to the Amended Complaint within twenty (20) days thereafter.

Dated:  May 27, 2025

*[signature: Daniel J. Calabretta]*
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

---

[11] The Court granted this Request for Judicial Notice because the document is public record.  *See supra* note 2.  This email is also proper for judicial notice because it is incorporated by reference in the Complaint.  *See* Compl. ¶ 85; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).